[Civ. No. 2294. Fifth Dist. Sept. 13, 1974.]

HERMINIO FELIX FELIX, Petitioner, v.
WORKMEN'S COMPENSATION APPEALS BOARD, Respondent;
MARTIN ETCHAMENDY, Real Party in Interest.

[Civ. No. 2313. Fifth Dist. Sept. 13, 1974.]

MARTIN ETCHAMENDY, Petitioner, v.
THE SUPERIOR COURT OF KERN COUNTY, Respondent;
HERMINIO FELIX FELIX, Real Party in Interest.

[Civ. No. 2314. Fifth Dist. Sept. 13, 1974.]

MARTIN ETCHAMENDY, Petitioner, v.
WORKMEN'S COMPENSATION APPEALS BOARD, Respondent;
HERMINIO FELIX FELIX, Real Party in Interest.

**COUNSEL**

Fullerton, Lang & Richert, William T. Richert and Jeff Wall for Petitioner in No. 2294 and for Real Party in Interest in Nos. 2313 and 2314.

King, Eyherabide, Anspach, Newell & Friedman, King, Eyherabide, Anspach, Friedman & Robinson, Stephen Eyherabide and Frank Harvey for Petitioner in Nos. 2313 and 2314 and for Real Party in Interest in No. 2294.

No appearance for Respondents.

**OPINION**

**BROWN (G. A.), P. J.**—These three petitions for mandamus and/or prohibition have been consolidated for argument and decision because they have a common factual base and the solution to each, aside from some minor peripheral considerations, depends upon the resolution of one central question: whether, under the facts, Herminio Felix Felix (hereinafter "Felix") has made an election of remedies to proceed with a workmen's compensation proceeding filed against Martin Etchamendy (hereinafter "Etchamendy") pursuant to Labor Code section 3715,[1] thereby being precluded from proceeding against Etchamendy in a personal injury action subsequently filed in the superior court pursuant to Labor Code section 3706.[2] We hold that he has not made such an election.

Felix received personal injuries on October 12, 1972, while working in the course of his employment for Etchamendy. On September 19, 1973, he filed an "Application for Adjudication of Claim" before the appeals board alleging Etchamendy was the responsible employer. Etchamendy is admittedly an uninsured employer and has failed to qualify as a self-insured employer within the requirements of the Workmen's Compensation Law.

---

[1]Labor Code section 3715 provides in part: "Any employee whose employer has failed to secure the payment of compensation as required by this division, or his dependents in case death has ensued, may, in lieu of proceedings against his employer by civil action in the courts as provided in Section 3706, file his application with the appeals board for compensation . . . ."

[2]Labor Code section 3706 provides: "If any employer fails to secure the payment of compensation, any injured employee or his dependents may bring an action at law against such employer for damages, as if this division did not apply."

On October 1, 1973, Felix filed a complaint against Etchamendy for personal injuries in the Superior Court of Kern County.

The compensation proceeding was set for hearing at the request of Etchamendy on December 17, 1973, taken off calendar and reset at Etchamendy's request on April 15, 1974, and, upon the latter date, over the objections of Etchamendy, was continued to May 17, 1974. In those proceedings, pursuant to an order obtained by Etchamendy, Felix went to Bakersfield from Mexico on January 22, 1974, at the expense of Etchamendy for a medical examination and his deposition. Etchamendy expended $535.08, consisting of transportation to Bakersfield and return $290.08, temporary disability for one week $105, and room and board for one week $140. Etchamendy has made claim in the compensation proceedings for $70 for overpayment of temporary disability indemnity.

In the meantime, and commencing on November 19, 1973, Felix undertook discovery proceedings in the superior court action. Among the interrogatories were those seeking information relative to the nature and extent of public liability insurance (including name of company, policy limits, policy number, etc.) that may cover Etchamendy for the liability in the superior court personal injury action. Finally, after extensive sparring and resistance to responding to those interrogatories by counsel for Etchamendy, and on May 6, 1974, the superior court ordered Etchamendy to answer the interrogatories. The answers were to be filed by June 3, 1974.

At that point Felix was confronted with the dilemma of an imminent hearing before the appeals board on May 17, 1974, and not having the information regarding whether Etchamendy had public liability coverage relating to the superior court suit. Thereupon, and on May 8, 1974, Felix filed his petition for a writ of prohibition and/or mandate with this court, alleging in substance that he could not "safely wait any further for a response to the [i]nterrogatories regarding information on liability insurance within which to make his election before the hearing that is presently calendared on May 17, 1974 . . . ." and that he could not make an informed and intelligent decision as to which action to proceed in without the information on insurance coverage. We issued an order to show cause and a temporary stay order staying all proceedings before the appeals board pending the hearing and decision on the order to show cause.

Thereafter, and on May 24, 1974, Etchamendy filed a petition, numbered 2313 in this court, praying for a writ of prohibition and/or mandate that the court prohibit the Superior Court of Kern County from proceeding further with the personal injury action on the grounds that Felix is estopped

to proceed in that action and has made an election of remedies by filing the workmen's compensation proceeding first. Concurrently Etchamendy filed in this court action No. 2314, which is a petition seeking a writ of mandate directing the appeals board to hear and determine the compensation proceeding pending before it without any further delay. We issued orders to show cause on both of the petitions.

Finally, during the pendency of these proceedings, on May 31, 1974, Etchamendy filed answers to the interrogatories regarding public liability insurance, stating the policy limits, the name and address of the insurance company, the policy number, and also stating that "public liability insurance has no application whatsoever and does not cover the injuries suffered by the plaintiff on October 12, 1972. . . ."

## DISCUSSION

Preliminarily we observe that since all of the answers to the interrogatories Felix requested have now been received, action No. 2294 is technically moot. (*Paul* v. *Milk Depots, Inc.* (1964) 62 Cal.2d 129, 132-133 [41 Cal.Rptr. 468, 396 P.2d 924].) Nevertheless, a discussion of the pivotal issue in that case is essential to a disposition of actions Nos. 2313 and 2314.[3]

Turning to the merits of the controversy, it appears that the central issue is at what point should the employee be considered to have made an election between the two remedies, it being clear that since 1971 amendments to the Labor Code the employee cannot utilize both remedies but must at some point make an election. (*Jenkins* v. *Workmen's Comp. Appeals Bd.* (1973) 31 Cal.App.3d 259, 263 [107 Cal.Rptr. 130]; cf. *Elkins* v. *Derby* (1974) 12 Cal.3d 410 [115 Cal.Rptr. 641, 525 P.2d 81].[4]

Witkin has observed: "The doctrine of election of remedies, often invoked in the earlier cases, has been repeatedly criticized and seems to be falling into disfavor. Late California decisions illustrating binding election are comparatively rare, and the bar to a remedy is sustained on the

---

[3]It is also to be noted that we do not here deal with the question of the competing exercise of jurisdiction between the appeals board and the superior court to decide an issue such as the existence of an employment relationship, as was the situation in *Scott* v. *Industrial Acc. Com.* (1956) 46 Cal.2d 76 [293 P.2d 18]. In the instant case both tribunals are expressly vested with jurisdiction by the Labor Code. (See Lab. Code, §§ 3715 (fn. 1, *supra*), 3706 (fn. 2, *supra*).)

[4]Prior to the 1971 amendments the appeals board and superior court proceedings were cumulative. An injured employee could pursue a workmen's compensation proceeding to an award and a superior court suit to judgment for damages against an uninsured employer though no double recovery could be had. (Lab. Code, § 3709; *Chakmakjian* v. *Lowe* (1950) 101 Cal.App.2d 329, 332-333 [225 P.2d 307].)

principles of estoppel or res judicata rather than election." (2 Witkin, Cal. Procedure (2d ed. 1970) Actions, § 113, p. 982, and cases there cited.) Thus it is recognized that absent acts giving rise to res judicata, the doctrine of election of remedies in California is founded upon estoppel. (*Steiner* v. *Rowley* (1950) 35 Cal.2d 713, 720 [221 P.2d 9]; *Commercial Centre R. Co.* v. *Superior Ct.* (1936) 7 Cal.2d 121, 129 [59 P.2d 978, 107 A.L.R. 714].)

Two of several necessary ingredients of estoppel are that the "party to be estopped must be apprised of the facts" (*City of Long Beach* v. *Mansell* (1970) 3 Cal.3d 462, 489 [91 Cal.Rptr. 23, 476 P.2d 423]; *Driscoll* v. *City of Los Angeles* (1967) 67 Cal.2d 297, 305 [61 Cal.Rptr. 661, 431 P.2d 245]) and that the party raising the estoppel be prejudiced by the actions of the party to be estopped (*Pac. Coast Cheese, Inc.* v. *Sec.-First Nat. Bk.* (1955) 45 Cal.2d 75, 80 [286 P.2d 353]; *Goossen* v. *Adair* (1960) 185 Cal.App.2d 810, 821 [8 Cal.Rptr. 855]; *Garrick* v. *J. M. P., Inc.* (1957) 150 Cal.App.2d 232, 239 [309 P.2d 896].)

Turning to the first element, for example, it has been held in cases involving an election to sue either an agent or an undisclosed principal that an election did not occur by the filing of a lawsuit when the plaintiff was unaware of the true existence of the agent-principal relationship (*McEwen* v. *Taylor* (1951) 106 Cal.App.2d 25, 29-31 [234 P.2d 754]), the identity of the undisclosed principal (*Standard Oil Co. of Cal.* v. *Doneux* (1961) 192 Cal.App.2d 608, 611-613 [13 Cal.Rptr. 749]) or the existence of various arrangements between the agent and the principal (*Higgins* v. *Standard Fed. Sav. & Loan Assn.* (1961) 188 Cal.App.2d 68, 73-74 [10 Cal. Rptr. 200]; see also 2 Witkin, Cal. Procedure (2d ed. 1970) Actions, § 127, pp. 997-998; Rest. 2d Agency, § 210).

Similarly, other cases have reasoned that where a plaintiff inadvertently or mistakenly chooses a remedy which proves to be the wrong remedy, or at least an unfruitful one, he may thereafter seek an alternative remedy and is not estopped under the doctrine of election of remedies. (See 2 Witkin, Cal. Procedure (2d ed. 1970) Actions, § 125, pp. 993-995.) In *Atchison etc. Ry. Co.* v. *Superior Court* (1939) 12 Cal.2d 549 [86 P.2d 85] (cert. den. 306 U.S. 657 [83 L.Ed. 1055, 59 S.Ct. 774]), an employee was injured in the course of his employment with an interstate railway. The employee sued under the Federal Safety Appliance Act and recovered, but the judgment was reversed by the United States Supreme Court on the ground that the federal statute in question had not been violated. The employee then filed a negligence action, and the defendant argued that he was barred by his previous election of remedies. The Supreme Court dis-

agreed, stating: " 'It is a familar [*sic*] principle that, where inconsistent courses are open to an injured party and it is doubtful which ultimately may lead to full relief, he may follow one even to defeat, and then take another, or he may pursue all concurrently, until it finally is decided which affords the remedy. . . .' " (12 Cal.2d at p. 556.)

In the instant case, it appears that at the time Felix filed the workmen's compensation claim he was unaware of the extent of Etchamendy's workmen's compensation or public liability insurance, if any, and was also unsure of Etchamendy's financial responsibility. Accordingly, it cannot be said that Felix was "apprised of the facts" to the extent that an estoppel can be invoked. In such circumstances, it was reasonable for him to file both actions and pursue them concurrently through the discovery stages until it " '. . . finally is decided which affords the remedy. . . .' " (*Atchison etc. Ry. Co.* v. *Superior Court, supra,* 12 Cal.2d 549, 556.)

With regard to the second element, Etchamendy argues that he has been prejudiced as a result of his having paid some $535.08 to Felix. It is perfectly obvious that there can be no prejudice with respect to the part of that sum that represents the payment for the cost of transportation for the medical examination and deposition as those are expenses that would have been incurred in the personal injury suit in any event and which produced information equally valuable to the defense of either proceeding. As to the $105 that he paid in temporary disability indemnity, should Felix decide to proceed in the superior court personal injury suit that sum can be asserted as a cross-claim by Etchamendy against Felix in that litigation.[5] Accordingly, Etchamendy has failed to show prejudice by reason of this payment.

Moreover, traditional notions of fairness argue against holding that the mere filing of the workmen's compensation proceeding first operates as a binding election to proceed to conclusion before the appeals board.

It is thus concluded that on the facts before us Felix has not made an election of remedies to proceed in one or the other of the proceedings as

---

[5]Etchamendy asserts that because he has made a claim in the compensation proceeding for $70, representing overpayment of temporary disability indemnity, Felix cannot dismiss that proceeding. The only authority he cites for this proposition is Code of Civil Procedure section 581, subdivision 5, pertaining to civil court litigation—not compensation proceedings. Assuming, however, the applicability of the principles of that section to workmen's compensation proceedings, a dismissal by Felix would not be precluded. Under the express provisions of Code of Civil Procedure section 581, subdivision 5, a complaint may be dismissed with prejudice at any time before the court decision "[p]rovided, however, that no such dismissal with prejudice shall have the effect of dismissing a cross-complaint filed in said action." (See *Hehr* v. *Swendseid* (1966) 243 Cal.App.2d 142, 146-150 [52 Cal.Rptr. 107].)

of this time. Having so concluded, it is unnecessary to the disposition of this cause that we decide precisely at what step in the proceedings such an election will be deemed to have been made.[6]

It appearing that the relief sought in action No. 2294 has been received, said action is dismissed as moot; it further appearing that Felix has not made a binding election to proceed in the workmen's compensation proceeding, the peremptory writs sought in actions Nos. 2313 and 2314 are denied and the orders to show cause are discharged.

Gargano, J., and Stone, J.,* concurred.

A petition for a rehearing was denied October 1, 1974, and the opinion was modified to read as printed above. The petition of real party in interest Etchamendy for a hearing by the Supreme Court was denied November 8, 1974.

---

[6]It appears that while the better considered cases repudiate the view that a binding election results from mere commencement of an action (*Roullard* v. *Rosenberg Bros. & Co.* (1924) 193 Cal. 360, 363 [224 P. 449]; *Brice* v. *Walker* (1920) 50 Cal.App. 49, 52-53 [194 P. 72]), upon the entry of a favorable judgment the cases generally hold that an election of remedies has occurred. (*Salter* v. *Ulrich* (1943) 22 Cal.2d 263, 268 [138 P.2d 7, 146 A.L.R. 1344]; *Kaiser* v. *Mansfield* (1956) 141 Cal. App.2d 428, 436 [297 P.2d 98]; *Slater* v. *Shell Oil Co.* (1943) 58 Cal.App.2d 864 [137 P.2d 713]; *Gray* v. *Gray* (1938) 25 Cal.App.2d 484, 487-488 [77 P.2d 908].)

It is to be noted, however, that the latter cases deal generally with separate suits in the same tribunal, whereas here the claimant pursues relief in separate tribunals pursuant to statutory authority which clearly requires an election. Thus it can be persuasively argued that to protect the adverse party from the harassment and expense of concurrently defending two proceedings to judgment the Legislature intended the election take place somewhere short of judgment.

*Retired Presiding Justice of the Court of Appeal sitting under assignment by the Chairman of the Judicial Council.