[No. F003851. Fifth Dist. May 31, 1985.]

DANNY R. YOUNG, Plaintiff and Appellant, v.
LIBBEY-OWENS FORD COMPANY, Defendant and Respondent.

COUNSEL

Green & Azevedo and Arthur V. Azevedo for Plaintiff and Appellant.

Ramsey, Moore, Morrison & Keddy and Theodore H. Morrison for Defendant and Respondent.

OPINION

HANSON (P. D.), J.—Plaintiff and appellant Danny R. Young filed a complaint for damages for assault and battery and intentional infliction of emotional distress. Respondent Libbey-Owens Ford Company and James Montrie were named as defendants. The first cause of action alleged Montrie, as employee of respondent, acting within the scope and course of his employment, assaulted appellant, also an employee of respondent, by purposefully striking appellant, a grievance man for the local union, with an electric cart Montrie was driving. Appellant claimed respondent ratified or authorized this act. The second cause of action states Montrie and defendants

Does I through VII intentionally struck appellant while he stood with other employees in order to humiliate him in his position as union grievance man and to impose mental anguish and emotional and physical distress. It was further alleged respondent subsequently confirmed and ratified the conduct of Montrie by refusing to discipline him, knowing such refusal would increase appellant's distress.

Respondent claimed in his answer that appellant's injuries were work-related and proximately caused by his employment and the superior court lacked subject matter jurisdiction, which instead rested with the California Workers' Compensation Appeals Board (WCAB). The answer also stated the court lacked jurisdiction because appellant previously filed an application for compensation relating to the same subject matter with the WCAB. Further, the answer declared appellant's injuries were proximately caused by his contributory negligence and he failed to exercise ordinary care and caution.

Respondent later moved for summary judgment on the grounds the WCAB had exclusive jurisdiction over the matter as to respondent, and had adjudicated the matter.

The declaration of Theodore H. Morrison, respondent's attorney, was filed in support of the motion. Morrison declared appellant reported to respondent's safety coordinator that on April 28, 1982, he suffered a back injury on the premises as a result of being struck by a Cushman electric cart operated by employee Montrie. Appellant received medical treatment for several months with respondent paying all costs. Appellant was off work from the date of injury through August 24, 1982, and was paid $175 per week by respondent. On June 21, 1982, appellant filed an application with the WCAB, seeking indemnity for his injuries. On June 9, 1983, appellant and respondent entered into a stipulation providing $175 per week temporary disability, $3,937.50 permanent disability (to be paid $70 per week) and for future medical benefits. The WCAB judge approved the stipulation and a stipulated award was entered. Final permanent disability payment was made to appellant a few months later.

Appellant filed opposition to the motion for summary judgment. The motion was argued and the court granted summary judgment for respondent.

DISCUSSION

Code of Civil Procedure section 437c provides that an order of summary judgment may be entered when an action presents no triable issues of fact. Where a complaint affirmatively indicates employee coverage by work-

ers' compensation provisions of the Labor Code, the complaint must also state facts negating the application of the code's exclusive remedy provisions. If the complaint fails to do so, summary judgment is proper. (*Halliman* v. *Los Angeles Unified School Dist.* (1984) 163 Cal.App.3d 46, 50 [209 Cal.Rptr. 175]; *Roberts* v. *Pup 'N' Taco Driveup* (1984) 160 Cal.App.3d 278, 284 [206 Cal.Rptr. 533].)

 Labor Code section 3600[1] provides for employer liability for injuries to employees arising out of and in the course and scope of employment. Section 3601 declares that where conditions of compensation exist, such compensation as provided is the exclusive remedy against the employer for injury or death of the employee.[2] (*Johns-Manville Products Corp.* v. *Superior Court* (1980) 27 Cal.3d 465, 467-468 [165 Cal.Rptr. 858, 612 P.2d 948, 9 A.L.R.4th 758].) However, as the *Johns-Manville* court pointed out, an employer may be subject to common law liability when charged with intentional misconduct going beyond the failure to assure that the tools or substances used by the employee, or the physical environment of the work place is safe. (*Id.*, at p. 475; *Roberts* v. *Pup 'N' Taco Driveup, supra,* 160 Cal.App.3d 278, 282.)[3]

---

[1]All statutory references are to the Labor Code unless otherwise indicated.

[2]During the relevant time period, section 3600 provided in part: "Liability for the compensation provided by this division, in lieu of any other liability whatsoever to any person except as provided in Section 3706, shall, without regard to negligence, exist against an employer for any injury sustained by his employees arising out of and in the course of the employment and for the death of any employee if the injury proximately causes death, in those cases where the following conditions of compensation concur: [¶] (a) Where, at the time of the injury, both the employer and the employee are subject to the compensation provisions of this division. [¶] (b) Where, at the time of the injury, the employee is performing service growing out of and incidental to his employment and is acting within the course of his employment. . . ."

During the relevant time period, section 3601 provided in part: "(a) Where the conditions of compensation exist, the right to recover such compensation, pursuant to the provisions of this division is, except as provided in Section 3706, the exclusive remedy for injury or death of an employee against the employer or against any other employee of the employer acting within the scope of his employment, except that an employee, or his dependents in the event of his death, shall, in addition to the right to compensation against the employer, have a right to bring an action at law for damages against such other employee, as if this division did not apply, in either of the following cases: [¶] (1) When the injury or death is proximately caused by the willful and unprovoked physical act of aggression of the other employee. . . . [¶] (c) In no event, either by legal action or by agreement whether entered into by such other employee or on his behalf, shall the employer be held liable, directly or indirectly, for damages awarded against, or for a liability incurred by such other employee under paragraph (1) . . . of subdivision (a) of this section."

[3]Section 3602, which did not become effective until January 1, 1983, and therefore is inapplicable to our case, codifies some judicially created exceptions to the exclusive remedy of workers' compensation. (See *Siva* v. *General Tire & Rubber Co.* (1983) 146 Cal.App.3d 152, 156 [194 Cal.Rptr. 51]; *Horney* v. *Guy F. Atkinson Co.* (1983) 140 Cal.App.3d 923, 930, fn. 4 [190 Cal.Rptr. 18]; Walters, *Workers' Compensation, Review of Selected 1982*

While section 3601 protects an employer from civil liability caused by the intentional acts of one employee against another, the courts have developed common law exceptions to this protection. In *Johns-Manville Products Corp.* v. *Superior Court, supra,* 27 Cal.3d 465, our Supreme Court, without reaching the issue, inferably sanctioned this modern trend, perceiving: "While we do not purport to find in them a tidy and consistent rationale, we perceive in *Magliulo, Meyer,* and *Unruh* a trend toward allowing an action at law for injuries suffered in the employment if the employer acts deliberately for the purpose of injuring the employee or if the harm resulting from the intentional misconduct consists of aggravation of an initial work-related injury." (*Id.,* at p. 476.)

In *Magliulo* v. *Superior Court* (1975) 47 Cal.App.3d 760 [121 Cal.Rptr. 621], the employee filed a workers' compensation application alleging injury arising out of employment, caused by the intentional conduct of her employer. Before her workers' compensation claim was adjudicated, she filed a civil action against the employer. The court ruled the action proper, holding that since an employee may sue a fellow employee for assault (§ 3601, subd. (a)(1)), the same right should be granted against the employer. The court further held an intentional assault by an employer is not a risk or condition of employment. (*Id.,* at pp. 769-770.) Lastly, because the workers' compensation award had not yet been made to the plaintiff, the court held: "[T]hat at least until an award of workmen's compensation benefits is made and satisfied [citations], or until a judgment is recovered in the civil suit for damages [citation], the remedies may be treated as cumulative or at least alternative." (*Id.,* at p. 780.)

---

*California Legislation* (1983) 14 Pacific L.J. 357, 763-768.)
 The section reads: "(a) Where the conditions of compensation set forth in Section 3600 concur, the right to recover such compensation is, except as specifically provided in this section and Sections 3706 and 4558, the sole and exclusive remedy of the employee or his or her dependents against the employer, and the fact that either the employee or the employer also occupied another or dual capacity prior to, or at the time of, the employee's industrial injury shall not permit the employee or his or her dependents to bring an action at law for damages against the employer. [¶] (b) An employee, or his or her dependents in the event of his or her death, may bring an action at law for damages against the employer, as if this division did not apply, in the following instances: [¶] (1) Where the employee's injury or death is proximately caused by a willful physical assault by the employer. [¶] (2) Where the employee's injury is aggravated by the employer's fraudulent concealment of the existence of the injury and its connection with the employment, in which case the employer's liability shall be limited to those damages proximately caused by the aggravation. The burden of proof respecting apportionment of damages between the injury and any subsequent aggravation thereof is upon the employer. [¶] (3) Where the employee's injury or death is proximately caused by a defective product manufactured by the employer and sold, leased, or otherwise transferred for valuable consideration to an independent third person, and that product is thereafter provided for the employee's use by a third person. [¶] (c) In all cases where the conditions of compensation set forth in Section 3600 do not concur, the liability of the employer shall be the same as if this division had not been enacted."

In *Meyer* v. *Graphic Arts International Union* (1979) 88 Cal.App.3d 176 [151 Cal.Rptr. 597], an employee was attacked by a coemployee on three separate occasions. She reported each attack to her employer, seeking punishment of her assailant. When the employer refused to take action, appellant sued the coemployee, the employer and its officers, alleging the coemployee to be the employer's agent and that he acted within the scope of his agency and employment. The court, citing *Magliulo,* held that a cause of action had been stated against the employer, relying on principles of agency. (*Id.,* at pp. 178-179.) The opinion is silent on the status of, or whether the employee even filed, a workers' compensation claim.

In *Iverson* v. *Atlas Pacific Engineering* (1983) 143 Cal.App.3d 219 [191 Cal.Rptr. 696], the employee sued a coemployee and her employer for assault, false imprisonment and intentional infliction of emotional distress. As in the present matter, the complaint alleged the employer's refusal to criticize, terminate, suspend or otherwise sanction or take any action against the wrongdoing employee was a ratification of the misconduct by the employer. The court held that these allegations, if sustained, would make the employer liable for the employee's wrongful conduct as a joint participant and concluded that subdivision (b) of section 3601 did not bar the employee's action against the employer. (*Id.,* at p. 228.) However, in *Iverson,* the employee's claim was noncompensable under workers' compensation because it did not arise from his employment relationship and a workers' compensation application had been denied. In the present matter, appellant filed a workers' compensation application and received an award prior to bringing his civil action.

We reject respondent's argument that the workers' compensation award is res judicata to the intentional infliction of emotional distress allegations of appellant's complaint. Respondent relies on *Busick* v. *Workmen's Comp. Appeals Bd.* (1972) 7 Cal.3d 967 [104 Cal.Rptr. 42, 500 P.2d 1386], where the Supreme Court held that a judgment in a civil damage case in favor of the employee was res judicata in subsequent proceedings before the WCAB. Respondent notes that the present situation is just the converse of *Busick* and maintains the result should be the same. However, respondent misses the essential basis of res judicata, that the party have an opportunity to litigate the matter previously. In the present matter, appellant could not litigate the issue of intentional infliction of emotional distress before the board because such tort constitutes "an entire class of civil wrongs outside the contemplation of the workers' compensation system." (*Rentería* v. *County of Orange* (1978) 82 Cal.App.3d 833, 841 [147 Cal.Rptr. 447]; see *Iverson* v. *Atlas Pacific Engineering, supra,* 143 Cal.App.3d 219, 229.[4]

---

[4]Respondent contends appellant's cause of action for emotional distress is barred because

As to appellant's cause of action for physical injuries, only the extent of his injuries and that they occurred within the course and scope of his employment was decided by the WCAB. Issues such as causation, which must be litigated in a civil suit, are not addressed in a workers' compensation proceeding (other than causation in terms of the question whether the injury was work-related).[5]

Respondent points to the court's statement in *Magliulo* v. *Superior Court, supra,* 47 Cal.App.3d 760, 780, that "at least until an award of workmen's compensation benefits is made and satisfied [citations], or until a judgment is recovered in the civil suit for damages [citation], the remedies may be treated as cumulative or at least alternative." as conclusive that once a workers' compensation award has been made and satisfied, no further recovery by the employee may be had against the employer. We do not find *Magliulo* conclusive, as the court did not address the issue presented here.

Language in *Busick* v. *Workmen's Comp. Appeals Bd., supra,* 7 Cal.3d 967 lends support to respondent's position. Although holding the employee's civil judgment to be res judicata over any award proceeding, the court analogized the problem "in the context of situations where the plaintiff has one of two mutually exclusive remedies for the enforcement of a single cause of action." (*Id.,* at p. 973.)

However, in the later Supreme Court case of *Johns-Manville Products Corp.* v. *Superior Court, supra,* 27 Cal.3d 465, appellant's position that remedies may be cumulative finds support. In *Johns-Manville,* an asbestos

---

the primary focus of his injuries is physical. (*Gates* v. *Trans Video Corp.* (1979) 93 Cal.App.3d 196 [155 Cal.Rptr. 486]; *Ankeny* v. *Lockheed Missiles & Space Co.* (1979) 88 Cal.App.3d 531 [151 Cal.Rptr. 828]; see *Renteria* v. *County of Orange, supra,* 82 Cal.App.3d 833; *McGee* v. *McNally* (1981) 119 Cal.App.3d 891 [174 Cal.Rptr. 253]; *Iverson* v. *Atlas Pacific Engineering, supra,* 143 Cal.App.3d 219.) However, appellant's claims of nonphysical injuries do not appear to be merely "tacked on" to his complaint for physical injuries. Appellant alleges that he was the union grievance person at respondent's company and that the second attack upon his person was done for the purposes of causing plaintiff to suffer humiliation in his union capacity. This claim certainly seems substantial, and if found to be true, may result in a higher award to appellant than would any award for physical injuries. For this reason, appellant's claim should be tried on its merits. Further, it would be contrary to the intent of worker's compensation to allow this type of claim, based on alleged egregious conduct, to be barred, merely because appellant has also suffered physical injury. (*Iverson, supra,* at p. 231.)

[5]Respondent's reliance on this court's opinion of *Felix* v. *Workmen's Comp. Appeals Bd.* (1974) 41 Cal.App.3d 759 [116 Cal.Rptr. 345], is misplaced. In that case, we indicated that the pursuance of a remedy to a favorable judgment will mean an election of remedies has occurred. (*Id.,* at p. 766, fn. 6.) *Felix,* however, dealt with an employee's choice of seeking either worker's compensation or civil damages when injured within the course and scope of employment and the employer fails to secure worker's compensation insurance (§§ 3706, 3715). *Felix* has no application to the issue of cumulative recovery based on the intentional torts of the employer or his agent.

worker, after filing for workers' compensation benefits, sued his employer for fraudulently concealing knowledge that the employee was suffering from asbestos poisoning, preventing him from receiving treatment. The employer moved for judgment on the pleadings, claiming section 3601 made the workers' compensation proceeding the exclusive remedy for job-related injuries. The trial court denied the employer's motion and our Supreme Court denied the employer's petition for writ of mandate. The court first held that section 4553, providing that an employee's compensation benefits may be increased by one-half where injury results from serious or willful misconduct of the employer, was the exclusive remedy for a deliberate or intentional act of the employer resulting in his failure to provide a safe workplace. The court, however, then reviewed the modern trend of cases allowing civil suits by employees against their employers for intentional conduct going beyond an employer's failure to keep the workplace safe. The court concluded that the exclusivity policy of workers' compensation would not be seriously undermined by holding an employer liable for intentionally aggravating the employee's injuries and that the Legislature did not intend to insulate employers from tort liability when involved in such flagrant intentional conduct. (*Id.,* at p. 478.) Lastly, and most important to this case, the court stated: "Finally, although plaintiff filed an application for workers' compensation and may receive an award in that proceeding, double recovery may be avoided by allowing the employer a setoff in the event plaintiff is awarded compensation for the aggravation of his injury in that proceeding and in the present case as well." (*Id.,* at pp. 478-479.)

In *Johns-Manville* the Supreme Court sanctioned a cumulative remedy for employees when, as in the present matter, the common law exception to sections 3600 and 3601 is applicable. Employers should not be allowed to use the public policy behind workers' compensation as a shield against tort liability for outrageous, nonwork-related conduct. Policy reasons support allowing a common law action even when compensation benefits are available or have been received. Workers' compensation awards may fall short of making the tort victim "whole" and provide no deterrent effect on an intentionally wrongdoing tortfeasor. (See Comment, *Johns-Manville Products Corp. v. Superior Court: The Not-So-Exclusive Remedy Rule* (1981) 33 Hastings L.J. 263, 270.)

In *Hollywood Refrigeration Sales Co. v. Superior Court* (1985) 164 Cal.App.3d 754 [210 Cal.Rptr. 619], plaintiff sought to recover damages from his former employer and former supervisor for intentional infliction of emotional distress. The appellate court concluded the action was barred because of recovery in a workers' compensation action. "[P]laintiff's workers' compensation claim was disposed of by a 'Compromise and Release' under which plaintiff was paid a lump sum. The compromise recited that

plaintiff had 'sustained an injury arising out of and in the course of his employment as follows: all internal organs; musculo-skeletal portions of his body; *psyche*; both legs; both arms; neck; head; internal diseases.' (Italics added.)" (*Id.*, at p. 757.)

In the present case, the issue of intentional infliction of emotional stress was not dealt with by the WCAB. Also, in the *Hollywood* case, the compromise recited that plaintiff's acceptance of the compromise constituted a waiver of any other claims he may have had against the parties concerning the events. (*Ibid.*)

In *Hollywood*, the court, citing certain of the cases cited here, held that recovery there in a civil case after a recovery in a workers' compensation settlement, even though intentional infliction of emotional distress was alleged, would be such "a drastic change . . . in the workers' compensation law it must be done by the Legislature and not the courts." (*Id.*, at pp. 759-760.) We find the above quoted words of the Supreme Court in *Johns-Manville Products Corp.* v. *Superior Court, supra,* at pages 478-479, indicate that any change or development has already occurred and with the protection of "set off," it is not as drastic as *Hollywood* indicates.

The judgment is reversed.

Franson, Acting P. J., and Woolpert, J., concurred.

Respondent's petition for review by the Supreme Court was denied August 29, 1985. Lucas, J., was of the opinion that the petition should be granted.