[No. A060327. First Dist., Div. Three. Nov. 16, 1993.]

SUZAN LAKE, Plaintiff and Appellant, v.
LAKEWOOD CHIROPRACTIC CENTER et al., Defendants and
Respondents.

---

**COUNSEL**

Michael J. Langston for Plaintiff and Appellant.

DeMeo & DeMeo and John M. Anton for Defendants and Respondents.

---

**OPINION**

**MERRILL, Acting P. J.**—Suzan Lake appeals from an order sustaining the demurrer of respondents Lakewood Chiropractic Center (Lakewood) and Phillis Hickman[1] to her second amended complaint without leave to amend, and the judgment of dismissal entered thereon. She contends that she was entitled to maintain this tort lawsuit for medical malpractice and damages

---

[1] The complaint alleges that Phillis Hickman was one of the owners and operators of the Lakewood Chiropractic Center.

even though in a previous workers' compensation proceeding, the Workers' Compensation Appeals Board (WCAB) had determined that the injury on which this lawsuit is based arose out of and occurred in the course of her employment with Lakewood, and had awarded her workers' compensation benefits for the injury. We disagree with appellant's position and therefore affirm the judgment.

### FACTUAL AND PROCEDURAL BACKGROUND

In November 1990, appellant filed a workers' compensation claim for injury to her lower back incurred on August 11, 1990, in the course of her employment with Lakewood. The WCAB found that appellant, as an employee of Lakewood, received free chiropractic manipulations as a benefit of her employment; that appellant received injuries to her left hip and lower back upon being manipulated by Dr. Charles Bixby, a chiropractor who was an employee of Lakewood; and that these injuries were "arising out of and occurring in the course of her employment" with Lakewood. The WCAB awarded appellant temporary disability indemnity, reimbursement for the costs of medical care procured prior to the date of the WCAB decision, and payment for further medical care as needed to cure and relieve the effects of the injury.

At the hearing before the WCAB, appellant testified that she had been employed as a secretary and receptionist at Lakewood for two years at the time of the incident. On Saturday, August 11, 1990, a normal workday for her, appellant asked Dr. Bixby to do pressure points on her neck. She had also asked him to perform this procedure on previous occasions. While doing a total body adjustment, Dr. Bixby caused the injury to her left hip and lower back. Appellant had seen Dr. Bixby because he was one of the newer chiropractors whom Lakewood had told its employees to see for free adjustment during working hours.

Appellant filed her initial complaint in this tort lawsuit for damages on August 6, 1991. The complaint alleged that on August 11, 1990, appellant consulted Dr. Bixby "as a patient for care, diagnosis, treatment, manipulation, adjustment and evaluation," and that Dr. Bixby "negligently and carelessly failed and omitted to properly evaluate, diagnose, prescribe for, adjust, manipulate, care for and treat" her. As a result of Dr. Bixby's negligence, appellant suffered physical and emotional injuries and damages, including disc herniation and other potentially permanent injuries. The complaint also alleged that neither Dr. Bixby nor Lakewood informed or advised appellant "of the dangers, risks and hazards of the respective surgeries and treatments performed on her, and carelessly and negligently minimized such dangers,

risks and hazards," thereby inducing her to undergo chiropractic treatment without her informed and intelligent consent. The complaint prayed for general and special damages according to proof. Although Dr. Bixby was named as a defendant along with respondents, he was never served, has not answered, and has never been a party to these proceedings.

Respondents Lakewood and Phillis Hickman filed a demurrer to the complaint. The demurrer contended that appellant's sole and exclusive remedy for her injuries was a claim for workers' compensation; she had in fact already elected the remedy of workers' compensation, obtained a judgment, and was receiving workers' compensation benefits; as a result of the decision of the WCAB, the fact that her injuries arose out of and occurred in the course of her employment with Lakewood was res judicata; and she was now estopped to deny that her injury arose out of and occurred in the course of her employment. Respondents asked the court to take judicial notice of the certified records of the WCAB, showing that appellant had made a workers' compensation claim for the same back injury which was the basis for the instant tort action.

The trial court sustained the demurrer for failure to state facts sufficient to constitute a cause of action. It found that appellant had failed to plead sufficient facts to allow the court to determine whether the relief sought was for a separate injury or for the aggravation of an initial injury caused by some means other than treatment at Lakewood.

Appellant filed an amendment to her complaint. The amendment added to paragraph 6 of the original complaint the statement that when she consulted with Dr. Bixby she "was seeking treatment for an injury sustained previously on that date [August 11, 1990] while she was in the course and scope of her employment with [Lakewood]." Respondents again demurred on substantially the same grounds as before, and again sought judicial notice of the certified records of the WCAB.

After oral argument, the trial court took judicial notice of the WCAB decision and its finding that appellant had sustained an injury to her lower back upon being manipulated by Dr. Bixby on August 11, 1990. The trial court stated that the case of *Sturtevant* v. *County of Monterey* (1991) 228 Cal.App.3d 758 [279 Cal.Rptr. 161], relied upon by appellant, was inapplicable to the facts of this case. The trial court sustained the demurrer but again gave appellant an opportunity to amend.

Appellant's second amendment to her complaint revised paragraph 6 as follows: "On or about the date in question, August 11, 1990, [appellant]

sustained an injury to her neck while in the course and scope of her employment with [Lakewood]. She then consulted with [Dr. Bixby], who was at all times herein mentioned an employee of [Lakewood], as a patient for care, diagnosis, treatment, manipulation, adjustment and evaluation for the aforesaid injury. Said consultation occurred later on the same date, August 11, 1990, in the same offices and was a direct result of the earlier injury. [Dr. Bixby] thereupon did negligently and carelessly fail and omit to properly evaluate, diagnose, prescribe for, adjust, manipulate, care for and treat [appellant], resulting in an injury to a separate part of her anatomy (lower back), for which this action is brought."

Respondents demurred to the second amended complaint, on the same grounds as before. The trial court announced its tentative decision sustaining the demurrer without leave to amend on the grounds that appellant was making a claim for the same back injury which the WCAB had already decided arose in the course and scope of her employment, and for which she was entitled to workers' compensation as her sole remedy under Labor Code section 3602, subdivision (a). The trial court concluded that the WCAB decision was res judicata for purposes of this action.

After further argument and briefing, the trial court ruled that the decision of the WCAB that appellant's back injury was caused by Dr. Bixby and was sustained in circumstances "arising out of and occurring in the course of her employment" was res judicata and binding in any subsequent proceeding. "Thus, the findings make it clear that [appellant] was a patient as well as an employee prior to or at the time of the industrial injury and is therefore barred from bringing the present action pursuant to Labor Code section 3602[, subdivision (a)]." On this basis, the trial court sustained the demurrer without leave to amend and ordered judgment of dismissal. This appeal followed.

### DISCUSSION

 As she did in argument before the trial court, appellant now contends that the alleged facts in the case at bench are nearly identical to those in *Sturtevant* v. *County of Monterey, supra*, 228 Cal.App.3d 758. Appellant urges that *Sturtevant* is controlling authority for the proposition that an employee is entitled to make a claim for workers' compensation benefits for an employment-related injury and file an action at law in tort for malpractice in treating the injury, where the malpractice occurred *after* the original employment-related injury and the injured individual had a "dual capacity" as both employee and patient at the time of the second injury.

We begin with the provisions of the Labor Code and an analysis of the *Sturtevant* decision. Labor Code section 3602, subdivision (a), declares

generally that workers' compensation benefits are the exclusive remedy for injuries sustained by an employee arising out of and in the course of employment. It specifically provides that ". . . the fact that either the employee or the employer also occupied another or dual capacity prior to, or at the time of, the employee's industrial injury shall not permit the employee . . . to bring an action at law for damages against the employer." *Sturtevant* held that this specific limiting language did not bar the application of the dual capacity doctrine under the facts of that case because there, the employer's dual capacity as employer and as medical care provider "did not exist 'prior to, or at the time of, the employee's industrial injury' [citation], but only *after* her injury . . . ." (*Sturtevant* v. *County of Monterey, supra*, 228 Cal.App.3d at pp. 765-766.) On this basis, the court held that the plaintiff could properly sue her employer for alleged medical malpractice in treating her employment-related injuries. (*Id.*, at pp. 764-770.)

The rationale of *Sturtevant*, following the earlier cases of *D'Angona* v. *County of Los Angeles* (1980) 27 Cal.3d 661 [166 Cal.Rptr. 177, 613 P.2d 238] and *Duprey* v. *Shane* (1952) 39 Cal.2d 781 [249 P.2d 8], is that an employer who treats an employee for work-related injuries assumes obligations different from those of a mere employer, and may be sued for breaching them as though it were a third party. █ "[W]hen an employer engages in a relationship with the employee which is distinct from that of employer and employee and invokes a different set of obligations than those of an employer to its employee, the employee may recover damages at law for breach of the latter obligations. [Citations.]" (*Sturtevant* v. *County of Monterey, supra*, 228 Cal.App.3d at p. 762.) The *Sturtevant* court concluded that in enacting Labor Code section 3602, the Legislature did not intend to abolish the dual capacity doctrine as a basis for a tort action against an employer under factual circumstances such as those presented in that case. (228 Cal.App.3d at pp. 767-770.)

█ Although at first blush it may appear that the facts of this case are analogous to those found in *Sturtevant*, there are important distinctions.

First, in *Sturtevant*, the Court of Appeal found that the employer's dual capacity as employer and medical care provider did not arise until *after* the employee suffered the original injury. By contrast, in the instant case the earlier decision of the WCAB found that all employees of respondent Lakewood, including appellant, received free chiropractic manipulations "as a benefit of their employment," and appellant's workers' compensation award was for the injury she received in being manipulated by Dr. Bixby. In her own testimony before the WCAB, appellant said nothing about any alleged injury prior to her consultation with Dr. Bixby. To the contrary, in

the WCAB hearing appellant testified that she went to Dr. Bixby during her normal working hours on August 11, 1990, and asked him to perform the same chiropractic adjustment he had done for her on three previous occasions as a benefit of her employment, without reference to any alleged injury to her neck. It was as a result of *this* manipulation that she suffered the injury to her lower back, which is the *only* injury for which she has ever sought compensation.

Thus, as the trial court stated in sustaining the demurrer, appellant was both a patient *and* an employee of Lakewood *prior to and at the time of* her injury. Any dual capacity on the part of appellant and her employer did not arise after her employment-related back injury; to the contrary, it preexisted the injury. As the *Sturtevant* court recognized, the Labor Code unambiguously and expressly bars dual capacity tort actions against an employer where either the employee or the employer occupied another or a dual capacity prior to, or at the time of, the employee's injury. (Lab. Code, § 3602, subd. (a); *Hendy v. Losse* (1991) 54 Cal.3d 723, 739 [1 Cal.Rptr.2d 543, 819 P.2d 1]; *Sturtevant v. County of Monterey, supra,* 228 Cal.App.3d at p. 764.) The specific statutory limitation on the scope of the dual capacity doctrine therefore applies in this case to appellant's employment-related injury.

Second, although in *Sturtevant* the plaintiff did file a workers' compensation claim for her original industrial injuries and received benefits, there is no indication in that case that the plaintiff ever sought and received workers' compensation benefits for any injuries arising from the subsequent medical malpractice. (*Sturtevant v. County of Monterey, supra,* 228 Cal.App.3d at p. 761.) Here, unlike *Sturtevant,* the WCAB specifically found that appellant's injuries arose out of and occurred in the course of her employment while being manipulated by Dr. Bixby. These were the *same* lower back injuries for which appellant now seeks damages by way of a tort action. The WCAB decision, of which the trial court properly took judicial notice, was clearly a "final determination" entitled to res judicata effect. It was therefore binding on the trial court below for its conclusions that appellant's injury arose out of and occurred in the course of her employment; and that prior to and at the time of the injury, respondent Lakewood occupied the dual capacities toward appellant of employer and medical care provider. (*Busick v. Workmen's Comp. Appeals Bd.* (1972) 7 Cal.3d 967, 974-976 [104 Cal.Rptr. 42, 500 P.2d 1386]; *Azadigian v. Workers' Comp. Appeals Bd.* (1992) 7 Cal.App.4th 372, 376-380 [8 Cal.Rptr.2d 643].)

Appellant's amendment to the complaint alleging that she suffered a neck injury on August 11, 1990, prior to being negligently treated by Dr. Bixby,

is of no help to her in the instant case. This is not the injury for which she made a claim with the WCAB.[2] She sought and received workers' compensation benefits for her back injury which she claimed was the result of being manipulated by Dr. Bixby. This is the same injury and manipulation for which she now seeks to establish liability and recover damages in this malpractice action.

Having pursued her workers' compensation remedy for her employment-related injury to final judgment, and already enjoying the benefits of that remedy, appellant is now barred by the doctrines of res judicata and election of remedies from pursuing this tort action on the same injury. (*Busick* v. *Workmen's Comp. Appeals Bd.*, supra, 7 Cal.3d at pp. 975-978; *Felix* v. *Workmen's Comp. Appeals Bd.* (1974) 41 Cal.App.3d 759, 763-766 [116 Cal.Rptr. 345]; 3 Witkin, Cal. Procedure (3d ed. 1985) Actions, §§ 132, 138, pp. 160-161, 167-169.)

The judgment is affirmed.

Chin, J., and Werdegar, J., concurred.

---

[2]Appellant's application for adjudication of claim filed with the WCAB provides in part as follows: "IT IS CLAIMED THAT . . . [t]he injured worker . . . sustained injury arising out of and in the course of employment to [the] low back [while being] adjusted by chiropractor while working."