Filed 9/15/17; Certified for Publication 10/12/17 (order attached)

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIFTH APPELLATE DISTRICT

| | |
|---|---|
| VA LY, et al.,<br><br>   Plaintiffs and Appellants,<br><br>        v.<br><br>COUNTY OF FRESNO,<br><br>   Defendant and Respondent. | F072351<br><br>(Super. Ct. No. 09CECG02743)<br><br>**OPINION** |

-ooOoo-

APPEAL from a judgment of the Superior Court of Fresno County.  Kristi Culver Kapetan, Judge.

Law Office of Michael A. Morguess and Michael A. Morguess for Plaintiffs and Appellants.

McCormick, Barstow, Sheppard, Wayte & Carruth and Mart B. Oller IV for Defendant and Respondent.

-ooOoo-

Three Laotian correctional officers, Va Ly, Travis Herr and Pao Yang, were allegedly subjected to racial and national origin discrimination, harassment and retaliation by their employer, the County of Fresno (County), and its employees.  The three filed suit against the County pursuant to the Fair Employment and Housing Act

(FEHA), Government Code section 12900 et seq., while simultaneously pursuing their workers' compensation remedies. In separate workers' compensation proceedings, the administrative law judges denied plaintiffs' claims after finding the County's actions were non-discriminatory, good faith personnel decisions. The County moved for summary judgment based on the doctrines of res judicata and collateral estoppel, arguing the workers' compensation decisions barred plaintiffs' FEHA claims. The trial court granted summary judgment.

On appeal, plaintiffs contend (1) collateral estoppel does not apply because the findings in the workers' compensation proceedings that the County's actions were lawful, non-discriminatory, good faith personnel actions were not necessary to the decisions, and (2) neither res judicata nor collateral estoppel apply because the workers' compensation and FEHA actions involve different primary rights. We conclude res judicata bars plaintiffs' claims in this action and affirm the judgment.

## FACTUAL AND PROCEDURAL BACKGROUND

Plaintiffs, who are Laotians of Hmong ethnicity, worked for the County as correctional officers. They initiated this action in August 2009; before doing so they each filed a complaint with the Department of Fair Employment and Housing, which issued them "right-to-sue" letters. In their second amended complaint, filed in September 2010, plaintiffs allege the County and its employees subjected them to adverse employment actions that constituted discrimination and harassment based on their race, ethnicity and national origin, and they were retaliated against after they complained about their treatment, in violation of FEHA.

Prior to commencing this action, each plaintiff filed a workers' compensation claim with the Department of Industrial Relations, Workers' Compensation Appeals Board (WCAB), for psychiatric injuries arising from the discrimination, harassment and retaliation. In each workers' compensation case, a hearing was held before a worker's

2.

compensation administrative law judge (WCJ) at which testimony and evidence were received.

The workers' compensation cases were resolved as follows.[1] In Ly's case, Ly testified he was subjected to racial discrimination and harassment when his requests to swap shifts with other officers were denied; he was moved out of his regular assignment and repeatedly reassigned to the main jail; and his sergeant, Charron Reams, referred to him as "the Swap King," which led to teasing by other officers. In October 2012, WCJ Geoffrey H. Sims issued his decision, in which he found the denial of Ly's swap request "was not a discriminatory action and was made as a good faith personnel action," and the reassignments were due to business necessity and were not discriminatory actions. Sims ordered that Ly take nothing by way of his complaint.

In Herr's case, Herr testified he was subjected to racial discrimination and retaliation when another correctional officer, Mary Nichols, confronted him in the staff dining room and "told him off" in front of other officers, and the incident became fodder for gossip and teasing; Nichols, who had been promoted to sergeant, denied him time off for his aunt's funeral; Reams "hid" desirable mandatory overtime assignments from him; and his swap requests and requests to split overtime shifts were denied. In May 2014, WCJ Thomas J. Heslin issued his decision, in which he found Herr did not sustain industrial injury to his psyche and ordered that he take nothing as a result of his claim. Heslin determined that the overall record showed the complained-of actions were good faith personnel actions that were not directed at Herr as an individual or because he is Laotian.

Herr filed a petition for reconsideration, in which he argued the evidence overwhelmingly showed a pattern of ongoing racial discrimination and harassment, and

---

[1] In April 2013, the superior court stayed the FEHA action to allow the pending workers' compensation proceedings to be completed.

retaliation. In September 2014, the WCAB adopted Heslin's subsequent report and recommendation on the petition, and denied the petition. The WCAB found that the actions of Herr's supervisors "were good faith personnel actions" that "were taken in order to provide for the best and most effective staffing at the jail."

In Yang's case, Yang testified that two incidents occurred while he was on duty in the security booth at the jail that resulted in discipline; the incident reports made their way up the chain of command to Lieutenant Watkins; Yang was terminated after he refused to cooperate with the ensuing investigation; he utilized the grievance procedures and the Civil Service Commission reinstated his employment, but 240 hours of his lost employment time was converted to a suspension and counsel were ordered to meet and confer to arrive at a figure for back pay for the remaining hours; and he was terminated when he did not return to work. Yang claimed the complaints and discipline imposed were racially motivated. In September 2011, WCJ Dominic E. Marcelli issued his decision, in which he found Yang did not sustain "a compensable industrial injury to his psyche" and ordered he take nothing by way of his application. Marcelli determined the County's actions were "lawful, non-discriminatory and done in good faith." Yang filed a petition for reconsideration, which the WCAB dismissed as untimely.

In April 2015, after completion of the workers' compensation cases, the County filed separate summary judgment motions as to each plaintiff. In all of the motions, the County argued plaintiffs' discrimination, harassment, and retaliation claims were barred by the doctrines of res judicata and collateral estoppel, as their claims were fully litigated, or were litigable, in the WCAB proceedings.

Plaintiffs opposed the motions. They argued (1) res judicata did not apply because workers' compensation is the exclusive remedy for their industrial injuries, the workers' compensation and FEHA claims involve different primary rights, the difference in remedies available in both forums provide an incentive for industrially injured employees to also pursue a FEHA claim, and had they prevailed in the workers' compensation cases,

4.

the County would not have been precluded from continuing to defend the FEHA actions; and (2) collateral estoppel did not apply because they were not litigating an industrial injury in the FEHA action.

The trial court granted the motions. The trial court noted that while plaintiffs could not be forced to litigate their FEHA claims before the WCAB, each chose to pursue their remedies in that forum on the exact claims asserted in the FEHA action. The trial court found the workers' compensation proceedings were judicial in nature and the doctrine of collateral estoppel barred plaintiffs' FEHA claims because (1) each plaintiff was afforded the opportunity to present evidence and call witnesses, with Ly represented by counsel, and Herr and Yang allowed to self-direct their testimony, produce documents and call witnesses; (2) the issues litigated were identical; and (3) each WCJ found the County's actions "were non-discriminatory, in 'good faith,' and based upon 'business necessity.' "

## DISCUSSION

The standards governing summary judgment motions and appellate review of them are well established. Summary judgment is proper if there is no triable issue of material fact and the moving party is entitled to judgment as a matter of law. (Code Civ. Proc., § 437c, subd. (c).) We review the trial court's ruling on a summary judgment motion de novo and independently determine whether the moving party is entitled to judgment as a matter of law. (*Hampton v. County of San Diego* (2015) 62 Cal.4th 340, 347 (*Hampton*).) We consider all of the evidence set forth in the moving and opposing papers, except that as to which objections have been made and sustained. (Code Civ. Proc., § 437c, subd. (c).) We liberally construe the evidence in favor of the party opposing summary judgment and resolve all doubts concerning the evidence in favor of that party. (*Hampton*, at p. 347.) "We must affirm a summary judgment if it is correct on any of the grounds asserted in the trial court, regardless of the trial court's stated reasons." (*Garrett v. Howmedica Osteonics Corp.* (2013) 214 Cal.App.4th 173, 181.)

5.

Although the County raised both res judicata and collateral estoppel as grounds for summary judgment in their motions, the trial court ruled only on one – collateral estoppel. On appeal, plaintiffs raise both grounds and assert that neither bars their FEHA claims. We need not determine whether the trial court erred in granting summary judgment based on collateral estoppel because summary judgment is properly affirmed on the alternative doctrine of res judicata.[2]

Workers' compensation is ordinarily the exclusive remedy of an employee who is injured while performing services growing out of and incidental to his or her employment. (Lab. Code, §§ 3602, subd. (a), 3600, subd. (a).) Racial or national origin discrimination and harassment is not a normal incident of employment; accordingly, a claim for damages under the FEHA is not barred by the exclusive remedy provisions of the workers' compensation act. (*Accardi v. Superior Court* (1993) 17 Cal.App.4th 341, 347; *Flait v. North American Watch Corp.* (1992) 3 Cal.App.4th 467, 480 [The Legislature "did not intend that its objective of providing relief from civil rights violations would be defeated by the exclusive remedy provision of the workers' compensation act."].)

Nevertheless, the Legislature has acknowledged that an injured employee may choose to recover for psychiatric injury caused by racial or national origin discrimination or harassment by means of a workers' compensation claim. (Lab. Code, § 3208.3, subd. (b)(1).) In such cases, an employer may assert as a defense that the psychiatric injury "was substantially caused by a lawful, nondiscriminatory, good faith personnel action." (Lab. Code, § 3208.3, subd. (h).) Thus, an employee who claims to have been discriminated against or harassed in the workplace has a choice of remedies: a claim may be made under the FEHA or under workers' compensation. Here, plaintiffs elected to

---

[2] Since the parties have briefed the res judicata issue, we may decide it even though the trial court did not rely on that ground in granting summary judgment. (Code Civ. Proc., sec. 437c, subd. (m)(2).)

pursue both remedies. The workers' compensation claims were resolved first, in the County's favor. The question on appeal is whether the workers' compensation decisions have a preclusive effect on plaintiffs' FEHA action.

"Res judicata, or claim preclusion, prevents relitigation of the same cause of action in a second suit between the same parties or parties in privity with them." (*Mycogen Corp. v. Monsanto Co.* (2002) 28 Cal.4th 888, 896 (*Mycogen*).) Claim preclusion applies only if (1) the decision in the former proceeding is final and on the merits; (2) the present proceeding is on the same cause of action as the former proceeding; and (3) the parties in both the former and present proceedings are the same. (*Busick v. Workmen's Comp. Appeals Bd.* (1972) 7 Cal.3d 967, 973-974 (*Busick*).[3] Claim preclusion " 'gives certain *conclusive effect* to a *former judgment* in a subsequent litigation involving the same controversy.' " (*Id.* at p. 973.) Under the doctrine, a valid final judgment in favor of the plaintiff merges the cause of action in the judgment and, if in the defendant's favor, constitutes a bar to any further suit on the same cause of action. (*Ibid.*) When a plaintiff has two mutually exclusive remedies for the enforcement of a claim, and a judgment in the first action is rendered on the merits of the case, the plaintiff cannot proceed to judgment in the second action. (*Id.* at pp. 973-974.)

There is no question here that the decisions in the workers' compensation cases were final and on the merits, and the same parties were involved in both the workers' compensation cases and the FEHA action. Plaintiffs, however, contend claim preclusion does not apply because the two proceedings do not involve the same cause of action.

[3] While claim preclusion bars the relitigation of causes of action, collateral estoppel, or issue preclusion, bars litigation of *issues* argued and decided in a prior proceeding. (*Mycogen*, *supra*, 28 Cal.4th at p. 896.) Issue preclusion shares the same three prerequisites with claim preclusion, but issue preclusion requires "the additional elements that the issue to be precluded was actually litigated and necessarily decided." (*Zevnik v. Superior Court* (2008) 159 Cal.App.4th 76, 83 (*Zevnik*).) "The 'necessarily decided' requirement generally means only that the resolution of the issue was not 'entirely unnecessary' to the judgment in the initial proceeding." (*Ibid.*)

Claim preclusion is based on the primary right theory. (*Mycogen*, *supra*, 28 Cal.4th at p. 904.) Under that theory, " 'a "cause of action" is comprised of a "primary right" of the plaintiff, a corresponding "primary duty" of the defendant, and a wrongful act by the defendant constituting a breach of that duty.' " (*Ibid.*) A primary right " 'is simply the plaintiff's right to be free from the particular injury suffered,' " and violation of a primary right gives rise to a single cause of action. (*Ibid.*) The primary right must be " 'distinguished from the *legal theory* on which liability for that injury is premised: "Even where there are multiple legal theories upon which recovery might be predicated, one injury gives rise to only one claim for relief." [Citation.] The primary right must also be distinguished from the *remedy* sought: "The violation of one primary right constitutes a single cause of action though it may entitle the injured party to many forms of relief, and the relief is not to be confounded with the cause of action, one not being determinative of the other." ' " (*Ibid.*)

The case before us is analogous to *Busick*, *supra*, 7 Cal.3d 967. There, the petitioner was shot by her former employer when she was picking up her final paycheck. She filed both a workers' compensation claim on the theory that her injury arose out of and in the course of her employment, and a superior court action for assault and battery. (*Id.* at p. 971.) The superior court action was resolved before the workers' compensation case was final, with the court finding in her favor and awarding her damages. The petitioner sought appellate review of the subsequent workers' compensation decision which denied her compensation because the injury did not arise out of the course and scope of her employment. (*Id.* at pp. 971-972.) Our Supreme Court concluded res judicata barred the workers' compensation action. The Court concluded the workers' compensation proceeding was brought on the same cause of action as in the superior court case, since in the latter, petitioner sought "redress for injuries suffered from one tortious act, the shooting incident. . . . Violation of one primary right in the [workers'

8.

compensation] case constitutes a single cause of action even though two mutually exclusive remedies are available." (*Busick*, *supra*, 7 Cal.3d at p. 975.)

Similarly here, in the workers' compensation cases plaintiffs sought redress for employment actions they claimed were caused by unlawful discrimination, harassment and retaliation. In the FEHA action, plaintiffs seek redress for the same injuries – psychiatric injuries caused by the County's discriminatory, harassing and retaliatory acts in the workplace. The effect of the employment actions on their mental states is at the heart of both their workers' compensation and FEHA claims. While the forums are different, the harm suffered is identical and therefore the same primary rights are implicated.

Plaintiffs maintain that claim preclusion does not apply here because the primary rights are different – in workers' compensation, the primary right is the statutory right to prompt compensation for work-related injuries regardless of fault (*Le Parc Community Assn'n v. Workers' Compensation Appeals Bd.* (2003) 110 Cal.App.4th 1161, 1172 [voluntary dismissal with prejudice of a civil action for negligence under Labor Code section 3706 does not bar continued litigation of related workers' compensation claim]), while in a FEHA action, the primary right is to be "free of invidious employment discrimination." (*Acuna v. Regents of University of California* (1997) 56 Cal.App.4th 639, 649 [race and ethnic discrimination claims, whether brought under title VII of the Civil Rights Act of 1965 (42 U.S.C. § 2000e et seq.) or the FEHA, arise from the same primary right].)

While this may be true as an abstract proposition, the relevant question is whether plaintiffs' workers' compensation and FEHA claims in fact alleged violation of the same or different primary rights. In their workers' compensation cases, plaintiffs sought to recover for psychiatric injuries caused by the County's employment actions which they asserted were based on their race and national origin. In this action, plaintiffs seek to recover for the same injuries based on the same acts. The FEHA action does not allege

any injury that was not alleged in the workers' compensation cases. Thus, in the two forums, plaintiffs seek the vindication of one primary right – the right to work in an environment free of discrimination, harassment and retaliation.

It does not matter, as plaintiffs assert, that an employer can prevail in a workers' compensation action under Labor Code section 3208.3, subdivision (b)(1) without disproving unlawful discrimination, such as where the employee fails to establish employment events predominately caused his or her psychiatric injury. This is because the County *did* disprove unlawful discrimination in plaintiffs' workers' compensation cases. The workers' compensation decisions are res judicata " 'on matters which were raised or could have been raised, on matters litigated or litigable.' " (*Busick*, *supra*, 7 Cal.3d at p. 975.) Moreover, even if the decisions that plaintiffs did not sustain injury are incorrect, they still preclude relitigation of the issue, because " '[a]n erroneous judgment is as conclusive as a correct one.' " (*Ibid.*) By pursuing their workers' compensation claims to final judgment, plaintiffs are now barred from pursuing a tort claim for the same injury. (*Lake v. Lakewood Chiropractic Center* (1993) 20 Cal.App.4th 47, 54.)

In sum, plaintiffs had one primary right: their right to recover for an injury caused by discrimination, harassment and retaliation in the workplace. Two alternate forums were available to them to redress the injury. Plaintiffs proceeded first with their workers' compensation remedy, even though the standard for recovery under FEHA may be broader. The workers' compensation decisions are now final and binding. When two tribunals have jurisdiction and neither party objects to the jurisdiction of one or the other, then the first final judgment from one of the tribunals becomes conclusive and renders the same issue res judicata in the other court. (*Busick*, *supra*, 7 Cal.3d at p. 977.) While workers' compensation was not plaintiffs' exclusive *remedy*, once they elected to pursue that remedy to a final, adverse judgment instead of insisting on the primacy of their rights under the FEHA, the WCAB became the exclusive *forum* to recover for their injuries.

10.

## **DISPOSITION**

The judgment is affirmed.  Costs on appeal are awarded to the County.

_____
GOMES, Acting P.J.

WE CONCUR:


_____
DETJEN, J.


_____
SMITH, J.

11.

Filed 10/12/17

<u>**CERTIFIED FOR PUBLICATION**</u>

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIFTH APPELLATE DISTRICT

| | |
|---|---|
| VA LY, et al.,<br><br>    Plaintiffs and Appellants,<br><br>           v.<br><br>COUNTY OF FRESNO,<br><br>    Defendant and Respondent. | F072351<br><br>(Super. Ct. No. 09CECG02743)<br><br>**ORDER GRANTING REQUEST FOR PUBLICATION** |

As the nonpublished opinion filed on September 15, 2017, in the above entitled matter hereby meets the standards for publication specified in the California Rules of Court, rule 8.1105(c), it is ordered that the opinion be certified for publication in the Official Reports.

_____
Gomes, Acting P.J.

WE CONCUR:


_____
Detjen, J.


_____
Smith, J.

1.