[Civ. No. 1757, Fifth Dist. Apr. 19, 1974.]

DAVID J: EDWARDS, Plaintiff and Appellant, v.
FRESNO COMMUNITY HOSPITAL, Defendant and Respondent.

---

## COUNSEL

Gonick, Schmid & Bernstein and Harry Gonick for Plaintiff and Appellant.

Stammer, McKnight, Barnum & Bailey and James K. Barnum for Defendant and Respondent.

---

## OPINION

**FRANSON, J.**—This appeal presents the question of the applicable statute of limitations for an action based on an alleged wrongful curtailment of a physician's use of hospital facilities to practice his specialty. For the reasons hereafter stated we hold that the two-year limitation period of Code of Civil Procedure, section 339, subdivision 1 applies.

On January 29, 1971, the appellant filed a complaint in which he alleges: That he is a physician and surgeon licensed by the State of California and is a specialist in general surgery and gynecology. He is possessed of all the skills and qualifications generally required of doctors for membership on the medical staff in any of the hospitals in the Fresno area, including the respondent hospital. The respondent hospital is a nonprofit corporation which operates as a charitable organization supported by charitable contributions, tax exemptions and public subsidies from the State of California.

The appellant has been a member of the active medical staff of the respondent hospital since August 10, 1961, and still is such a member. In June 1966 the executive committee of the respondent hospital wrongfully ordered certain reductions and curtailment of his surgical and gynecological privileges at the hospital.[1]

In March 1968 the appellant applied for extension and reinstatement of his surgical and gynecological privileges. In August 1969 the executive committee again "wrongfully, arbitrarily, without due process and in violation of the [appellant's] civil rights, denied [his] application for extension of said privileges and, notwithstanding that said [appellant] asked for a hearing before the executive committee, no such hearing was afforded [him]." On January 20, 1970, the respondent advised the appellant by letter that the executive committee's action in rejecting his application for extension and reinstatement of hospital privileges was final and that he could have no hearing.

## DISCUSSION

The applicability of a particular statute of limitations depends upon the substance of the action. It is *the nature of the right sued upon,* not the form of the action or the relief demanded that determines the limitation period. (*Jefferson* v. *J. E. French Co.,* 54 Cal.2d 717, 718 [7 Cal.Rptr. 899, 355 P.2d 643]; 2 Witkin, Cal. Procedure (2d ed. 1970) Actions, § 223, p. 1081.)

Respondent hospital argues in support of the decision of the trial court that hospital privileges involve the personal right of a physician to practice within the hospital and, therefore, appellant's action for wrongful denial of his surgical and gynecological privileges is governed by the one-year limitation contained in Code of Civil Procedure section 340, sub-

---

[1]The appellant concedes that an action on the basis of what occurred in June 1966 is barred by the statute of limitations.

division 3.[2]  ■  The one-year limitation period specified in section 340, subdivision 3, embraces not only bodily injuries but all infringements of personal rights as opposed to property rights. (*Tu-Vu Drive-In Corp.* v. *Davies,* 66 Cal.2d 435, 436-437 [58 Cal.Rptr. 105, 426 P.2d 505]; *Huntly* v. *Zurich General A. & L. Ins. Co.,* 100 Cal.App. 201, 212 [280 P. 163].)

■  We do not agree, however, that the nature of a physician's right to practice medicine within a hospital is merely a personal right. Although the term "hospital privileges" connotes personal activity and personal rights may be incidentally involved in the exercise of these privileges, the essential nature of a qualified physician's right to use the facilities of a hospital is a property interest which directly relates to the pursuit of his livelihood. In other contexts, the courts in this state have long held that every individual possesses as a form of property the right to pursue any lawful calling, business or profession he may choose. (*Willis* v. *Santa Ana etc. Hospital Assn.,* 58 Cal.2d 806, 810 [26 Cal.Rptr. 640, 376 P.2d 568]; *Continental Car-Na-Var Corp.* v. *Moseley,* 24 Cal.2d 104, 110 [148 P.2d 9]; *Suckow* v. *Alderson,* 182 Cal. 247, 249 [187 P. 965].) In *Suckow,* a doctor brought an action against a board of medical examiners after his license was suspended. The court said: " 'The right to practice medicine is, like the right to practice any profession, a valuable property right, in which, under the constitution and laws of the state, one is entitled to be protected and secured.' " (182 Cal. at p. 249.)

· If the right to practice medicine is a property right, it necessarily follows that the right of a qualified doctor to use hospital facilities to practice surgery and gynecology also involves a property right. It is well recognized that a hospital's refusal to permit a physician or surgeon to conduct his practice in the hospital, as a practical matter, could have the effect of denying him the right to fully practice his profession. (*Rosner* v. *Eden Township Hospital Dist.,* 58 Cal.2d 592, 598 [25 Cal.Rptr. 551, 375 P.2d 431]; and see *Rosner* v. *Peninsula Hospital Dist.,* 224 Cal.App.2d 115, 120 [36 Cal. Rptr. 332]; *Wyatt* v. *Tahoe Forest Hospital Dist.,* 174 Cal.App.2d 709, 715 [345 P.2d 93]; *Blank* v. *Palo Alto-Stanford Hospital Center,* 234 Cal. App.2d 377, 386 [44 Cal.Rptr. 572].) We, therefore, conclude that appel-

---

[2]Code of Civil Procedure section 340 reads in relevant part:
"Within one year:
"  .    .    .    .    .    .    .    .    .    .    .    .    .    .    .    .    .    .
"3. An action for libel, slander, assault, battery, false imprisonment, seduction of a person below the age of legal consent, or for injury to or for the death of one caused by the wrongful act or neglect of another . . . ."

lant's action for an alleged wrongful denial of hospital privileges is outside the one-year limitation applicable to infringements of personal rights.[3]

Instead, we think the instant action comes within the provisions of Code of Civil Procedure, section 339, subdivision 1.[4] This section has been held to have an exceedingly broad scope and covers miscellaneous tort actions as well as contract and quasi-contract actions. (See 2 Witkin, Cal. Procedure (2d ed. 1970) Actions, § 276, pp. 1127-1128.) Closely analogous to the instant complaint are the cases holding that a tortious interference with a person's trade or business comes within the two-year limitation in section 339, subdivision 1, as an action upon an obligation or liability not founded upon an instrument in writing. (*Tu-Vu Drive-In Corp.* v. *Davies, supra,* 66 Cal.2d 435, 437 [action for damages to business operations and reputation from a wrongful levy of execution]; *McWilliams* v. *Holton,* 248 Cal. App.2d 447, 454 [56 Cal.Rptr. 574] [tortious interference with contractual relations]; *McFaddin* v. *H. S. Crocker Co.,* 219 Cal.App.2d 585 [33 Cal. Rptr. 389] [tortious interference with business]; see also 2 Witkin Cal. Procedure (2d ed. 1970) § 329, p. 1172.)

Appellant has alleged that by reason of the restriction of his right to practice his specialty in the respondent hospital he has sustained substantial losses in earnings. The essential character of the appellant's action involves economic injury to a professional career and, thus, is closely akin to actions for injury to a business which are governed by the two-year statute. Because the complaint was filed in January 1971, approximately a year and a half

---

[3]Respondent cites *Simons* v. *Edouarde,* 98 Cal.App.2d 826 [221 P.2d 203], an abuse of process action, for the proposition that section 340, subdivision 3 is applicable even though property rights are violated. In *Simons,* the alleged abuse of process was based on a claimed fraudulent institution of an unlawful detainer action to terminate a tenant's right under a lease to possession of an apartment. Without discussing the nature of the right violated, the court cited two out of state cases in holding that the action for abuse of process came within the statute governing "injuries done to the person." (See also *McFaddin* v. *H. S. Crocker Co.,* 219 Cal.App.2d 585, 590 [33 Cal.Rptr. 389].) While the holding in *Simons* appears to be contrary to the rule that the one-year limitation period applies only where personal, as opposed to property or contract rights are involved, we note that in reaching its decision the court apparently assumed that the wrongful eviction violated only a personal right to possession of the apartment, thus bringing the action within the one-year statute. We do not believe that *Simons* is controlling in the present case.

[4]Code of Civil Procedure section 339 states in relevant part: "Within two years: 1. An action upon a contract, obligation or liability not founded upon an instrument of writing, other than that mentioned in subdivision 2 of Section 337 of this code; . . ."

after the alleged wrongful denial of appellant's application for extension and reinstatement of his privileges, his action is not barred.

The judgment is reversed.

Brown (G. A.), P. J., and Gargano, J., concurred.

Respondent's petition for a hearing by the Supreme Court was denied June 13, 1974.