[No. D014022. Fourth Dist., Div. One. Feb. 9, 1993.]

FREDERICK A. AUGUSTA, Plaintiff and Appellant, v.
UNITED SERVICE AUTOMOBILE ASSOCIATION et al., Defendants
and Respondents.

**COUNSEL**

Jack B. Winters, Jr., and John C. Skube for Plaintiff and Appellant.

Broton, Petrini & Conron, Kevin C. Young, Shifflet, Walters, Kane & Konoske, Gregory C. Kane and Jeffrey A. Miller for Defendants and Respondents.

## OPINION

TODD, J.— ■■■ ■ ■ Frederick A. Augusta appeals after the trial court granted a summary judgment based on the one-year statute of limitations of Code of Civil Procedure[1] section 340, subdivision (3), in Augusta's spoliation of evidence action against County Auto Pool North (County Auto) and United Service Automobile Association (USAA).[2] Augusta's action was filed against County Auto and USAA some 17 months after his agent first discovered missing a speedometer necessary for establishing his products liability case against the car's manufacturer and dealer. Augusta contends his action was timely under the two-year limitations period of section 339, subdivision 1. Moreover, Augusta argues a delayed discovery rule applies so that, even if the limitations period is one year, his action is timely.

Based largely on cases decided in the context of the exclusive remedy rule pertaining to workers' compensation, we conclude the cause of action for spoliation of evidence is for an injury to the plaintiff's property interests; it does not involve an injury to the plaintiff's person; and it is essentially the same as a cause of action for interference with a prospective economic advantage as to which the two-year statute of limitations applies. Thus, we reverse the trial court's ruling that the one-year statute of limitations applies. In light of this conclusion, we do not address the delayed discovery contention.

### FACTS

On April 21, 1987, Augusta was injured in a vehicle collision allegedly caused by a malfunction of the cruise control system of his 1983 Porsche 911 SC. On the order of the California Highway Patrol officer at the scene the Porsche was towed to the Leucadia Shell Station. Ken Obenski, consulting engineer retained by Augusta's attorney to inspect the car and its cruise control system, examined the car at the Leucadia Shell Station on April 30. The speedometer was in the car at the time Obenski first inspected it.

On May 1, 1987, the car was released to the care, custody and control of Augusta's insurance carrier, USAA, which in turn released it into the care,

---

[1] All statutory references are to the Code of Civil Procedure unless otherwise specified.

[2] Augusta's notice of appeal addresses the trial court's order granting the motion for summary judgment which County Auto points out is not appealable since it is a preliminary to a final judgment which is appealable. Augusta has not bothered to respond to this contention which could determine the case against him without consideration of the merits. The rule is that we may treat the order appealed from as a judgment and construe the notice of appeal as applying to that judgment. (*Rose* v. *Fife* (1989) 207 Cal.App.3d 760, 764, fn. 3 [255 Cal.Rptr. 440].) We follow this rule.

custody and control of County Auto to which it was towed. On May 4, Obenski inspected the car at County Auto and noted the speedometer was still intact.

On August 5, 1987, the car was towed to Bradley Allen Automotive for reconstructive testing by Obenski. When Obenski arrived that day to conduct the testing, a manager at Bradley Allen Automotive told him the speedometer was missing when they picked up the car at County Auto. Obenski immediately informed Augusta's attorney the speedometer was missing.

On April 8, 1988, Augusta filed an action for damages for personal injuries against Porsche of America, Inc., and Allen Johnson Porsche-Audi, not naming County Auto or USAA as defendants.

On January 4, 1989, some 17 months after Augusta discovered the speedometer was missing, Augusta filed a first amended complaint naming County Auto and USAA as defendants in causes of action for negligent and intentional spoliation of evidence, and for breach of the covenant of good faith and fair dealing. A successful demurrer left only the negligent spoliation of evidence count against County Auto and USAA. The complaint against County Auto and USAA alleges that their negligence has caused damage to Augusta in that he "will not be able to adequately prove or substantiate his claim for personal injuries [sic] liability without the original speedometer of the subject Porsche."

In 1990 the case was considered by this court after the trial court denied a motion for summary judgment based on the bar of the one-year statute of limitations. The trial court had ruled that the relation back doctrine applied to prevent the limitations period from running. In September 1990 this court issued a writ directing the trial court to vacate its order denying summary judgment on the basis the relation back doctrine applies. We concluded the trial court erred in its reasoning the relation back doctrine applied "because if there had not been an automobile accident there would not have been a spoliation action." We held "the trial court's 'but for' analysis stretches its application beyond acceptable limits." The matter was remanded for consideration of alternative arguments raised.

On remand the trial court vacated its order and granted the motion for summary judgment based on the one-year statute of limitations. The trial court denied Augusta's motion for reconsideration and on January 3, 1991, filed a written order granting the summary judgment motion of County Auto and USAA on the bases the one-year limitations period applied and Augusta's delayed discovery argument was unmeritorious. This appeal followed.

## Discussion

█ Neither the parties nor we have found any direct authority on the question of what statute of limitations applies to a cause of action for spoliation of evidence.

Augusta argues the action is subject to section 339, subdivision 1, providing a two-year limitations period for "[a]n action upon a contract, obligation or liability not founded upon an instrument of writing . . . ."

County Auto and USAA argue the applicable limitations period is in section 340, subdivision (3), providing a one-year limitations period for "[a]n action . . . for injury to or for the death of one caused by the wrongful act or neglect of another . . . ."[3]

█ It is a well-established rule that the applicable statute of limitations is determined by the nature of the right sued upon. (*Hedlund* v. *Superior Court* (1983) 34 Cal.3d 695, 704 [194 Cal.Rptr. 805, 669 P.2d 41, 41 A.L.R.4th 1063]; *Davies* v. *Krasna* (1975) 14 Cal.3d 502, 515 [121 Cal.Rptr. 705, 535 P.2d 1161, 79 A.L.R.3d 807].) The form of the action or the relief demanded does not determine the limitations period. (*Davies* v. *Krasna*, *supra*, 14 Cal.3d at p. 515; *Edwards* v. *Fresno Community Hosp.* (1974) 38 Cal.App.3d 702, 704 [113 Cal.Rptr. 579, 3 A.L.R.4th 1209].)

"With respect to the choice between the one-year period of section 340, subdivision (3), and the two-year period of section 339, subdivision 1, '[t]he principle of selection which has emerged is that the one-year period applies to all alleged infringements of personal rights, whereas the two-year period applies only to alleged infringements of property rights. [Citations.]' (*Richardson* v. *Allstate Ins. Co.* (1981) 117 Cal.App.3d 8, 12 . . . .)" (*Guess, Inc.* v. *Superior Court* (1986) 176 Cal.App.3d 473, 478 [222 Cal.Rptr. 79].)

█ Thus, the question here is whether the cause of action for spoliation of evidence involves an infringement of a "property right" or of a "personal right." Drawing from analyses of the spoliation tort in the realm of the exclusive remedy rule in workers' compensation cases, we are of the view the spoliation cause of action involves infringement of a property right. Moreover, this action is akin to actions for interference with advantageous economic advantage to which the two-year period applies. Accordingly, we conclude the two-year period applies to the spoliation action here at issue.

---

[3]Section 340, subdivision (3), also applies the one-year limitation period, among other things, to an action for "libel, slander, assault, battery, false imprisonment, seduction of a person below the age of legal consent," and an action "by a depositor against a bank for the payment of a forged or raised check, or a check that bears a forged or unauthorized endorsement . . . ."

There is an apparent parallel between the language of section 340, subdivision (3), alluding to an action for injury or death caused by the wrongful act or neglect of another and the workers' compensation-exclusive remedy. ■ In the area of workers' compensation and its exclusive remedy rule "the fundamental basis of workers' compensation is an injury sustained in and arising out of the course of employment when the injury is 'personal physical injury or death.'" (*Shoemaker* v. *Myers* (1990) 52 Cal.3d 1, 16 [276 Cal.Rptr. 303, 801 P.2d 1054, A.L.R.4th 1720], quoting *Cole* v. *Fair Oaks Fire Protection Dist.* (1987) 43 Cal.3d 148, 160 [233 Cal.Rptr. 308, 729 P.2d 743].) "[T]he exclusive remedy provisions apply *only* in cases of such industrial personal injury or death." (52 Cal.3d at p. 16.) A case *Shoemaker* cites for the last proposition is *Ramey* v. *General Petroleum Corp.* (1959) 173 Cal.App.2d 386, 402 [343 P.2d 787], which held that workers' compensation does not bar a cause of action for fraudulent deprivation of a claim against a third party. In other words, such a deprivation of a claim does not involve personal injury or death. ■ An action for deprivation of a claim against a third party has obvious similarity to an action for spoliation of evidence which deprives a party of the ability to prove a claim against the original tortfeasor, here in the products liability context.

A more directly applicable case in the workers' compensation field is *Coca-Cola Bottling Co.* v. *Superior Court* (1991) 233 Cal.App.3d 1273 [285 Cal.Rptr. 183] in which the court held that the exclusive remedy rules did not apply to a cause of action for spoliation against the plaintiff's employer for the disappearance of component parts of a company truck which had suddenly gone out of control and rolled over on a county road while plaintiff, Jones, was operating it during the course and scope of employment. Jones had filed a third party action against the truck's manufacturer and the county. *Coca-Cola* states, in part:

"The injury alleged was the disappearance of the evidence which the Joneses allegedly needed to prove their third party, civil action against Ford and/or County. *This is not an injury (physical, emotional or both) to the person* of Jones, the injured employee. *It is an injury to the Joneses' property interests, i.e., an interference with a valuable, probable expectancy of prevailing in their third party actions,* particularly against Ford. *It is an interference with the prospective economic advantage they allegedly stand to obtain if they can prove their civil action* against either Ford or County. [Citations.]" (*Id.* at p. 1289, italics added.)

The cause of action for spoliation of evidence was developed on the basis of an analogy to interference with prospective economic advantage. (*Smith* v. *Superior Court* (1984) 151 Cal.App.3d 491, 502 [198 Cal.Rptr. 829]; see

*Youst* v. *Longo* (1987) 43 Cal.3d 64, 73 [233 Cal.Rptr. 294, 729 P.2d 728, 85 A.L.R.4th 1025]; and see *Velasco* v. *Commercial Bldg. Maintenance Co.* (1985) 169 Cal.App.3d 874, 877-878 [215 Cal.Rptr. 504].) *Velasco* directly applied the stated elements of the tort of negligent interference with prospective economic advantage as set forth in *J'Aire Corp.* v. *Gregory* (1979) 24 Cal.3d 799, 804 [157 Cal.Rptr. 407, 598 P.2d 60], to the tort of negligent spoliation of evidence then before the court. (*Velasco, supra,* 169 Cal.App.3d at p. 878.)

It is now well established that a cause of action for interference with prospective economic advantage, an action involving a property right, is governed by the two-year limitations period of section 339, subdivision 1. (*Edwards* v. *Fresno Community Hosp., supra,* 38 Cal.App.3d 702, 706; 3 Witkin, Cal. Procedure (3d ed. 1985) Actions, § 439, pp. 469, 470.) Under this state of the law where it is now clearly settled that the spoliation cause of action involves an interference with a property interest, not a personal injury (*Coca-Cola, supra,* 233 Cal.App.3d at p. 1289), and is founded on precepts of interference with prospective economic advantage to which the two-year limitations period applies, we conclude the two-year statute of limitation applies to this case. Accordingly, the trial court's determination of the case on the basis of the one-year statute must be reversed.

We briefly note that the reliance by County Auto and USAA on *County of San Diego* v. *Sanfax Corp.* (1977) 19 Cal.3d 862, 878 [140 Cal.Rptr. 638, 568 P.2d 363], is not well taken because the employer there was suing a third party under Labor Code section 3852 to recoup workers' compensation benefits payable to the employee. The court held the action was essentially a tort action and the one-year statute of limitations applied. The employer was seeking amounts paid or payable on account of the employee's *personal injury* which entitled the employee to the benefits in the first place. In essence the employer was standing in the shoes of the employee in that case, suing for personal injury. Unlike the situation in *County of San Diego* v. *Sanfax Corp.* where the " 'readily discernible analogue in state tort law' " (19 Cal.3d at p. 878) was to a personal injury tort action, the situation in the case at bar presents a direct analogy to the two-year rule applicable to actions for interference with prospective economic advantage.[4]

---

[4]We have also considered the argument advanced at oral argument that an analogy should be drawn to the rule pertaining to legal malpractice actions under section 340.6 that a one-year limitations period commences upon "discovery" of the facts constituting the wrongful act or omission. Due to the profession-specific nature of section 340.6, we believe it is inappropriate to rely on that section in any significant respect for purposes of determining whether a spoliation cause of action involves interference with a personal right.

## DISPOSITION

Treating the order granting the motion for summary judgment as a judgment, the judgment is reversed. Augusta shall recover his costs on appeal.

Wiener, Acting P. J., and Nares, J., concurred.

Respondents' petition for review by the Supreme Court was denied May 13, 1993.