[No. B102541. Second Dist., Div. Six. June 25, 1997.]

RODOLFO F. ACUÑA, Plaintiff and Appellant, v.
THE REGENTS OF THE UNIVERSITY OF CALIFORNIA et al.,
Defendants and Respondents.

## Counsel

Moises Vazquez, Silvia R. Aargueta and Robert Racine for Plaintiff and Appellant.

James E. Holst, John F. Lundberg, David M. Birnbaum, Corbett & Kane, Judith Droz Keyes and Ian P. Fellerman for Defendants and Respondents.

## Opinion

YEGAN, J.—Roldofo F. Acuña appeals from a judgment of dismissal entered after the trial court granted motions for summary adjudication and summary judgment on his action for employment discrimination. The trial court ruled that the cause of action for violation of appellant's speech rights (Cal. Const., art. I, § 2) was time barred, and the remaining causes of action for race, ethnicity, and age discrimination were barred by a federal judgment. We affirm.

### Facts

In 1990, appellant, a scholar in Chicano studies, applied for a tenured faculty position at the University of California Santa Barbara (UCSB). UCSB Chancellor Barbara Uehling denied the application on June 19, 1991 based on the recommendations of the University Provost David Sprecher, the Academic Senate Committee on Academic Personnel, Associate Vice Chancellor Julius Zelmanowitz, and Vice Chancellor Gordon Hammes.

On September 25, 1992, appellant filed suit against the Regents of the University of California (Regents) and university employees who participated in the decisionmaking process.[1] (Acuña v. Regents of University of California (Super. Ct. Alameda County, No. 706072-2).) The complaint

---

[1]Appellant sued the following university employees in their individual and official capacities: University of California President David Gardner, UCSB Chancellor Barbara Uehling, Vice Chancellor Gordon Hammes, Associate Vice Chancellor Julius Zelmanowitz, Larry

alleged violations of the Fair Employment and Housing Act (FEHA) based on race, ethnicity, and age (Gov. Code, § 12900 et seq.), employment discrimination based on appellant's political views and speech (Cal. Const., art. I, § 2), and a violation of the federal Age Discrimination in Employment Act (ADEA) (29 U.S.C. § 623(a)(1)).

The action was removed to the United States District Court for the Northern District of California. (Code Civ. Proc., § 397.) Respondents brought a motion to dismiss the state causes of action on the ground that they were barred by the 11th Amendment. Appellant filed a cross-motion to remand the FEHA causes of action back to state court. The federal court remanded the state causes of action back to the Alameda County Superior Court and retained jurisdiction over the federal ADEA claim. As a result of the partial remand, the action was split into two actions.

In March 1993, the federal action was transferred to the United States District Court for the Central District of California. (*Acuña* v. *Regents of University of California* (U.S. Dist. Ct. (C.D.Cal.), 1993, No. CV 93-1548 HLH).) On March 19, 1993, the Alameda County Superior Court transferred the state court action from Oakland to Santa Barbara County. (Acuña v. Regents of University of California (Super. Ct. Santa Barbara County, No. SB196297).)

*The Federal Action*

Appellant amended the complaint in the federal action to allege causes of action for race and ethnic discrimination under title VII of the Civil Rights Act of 1964 (42 U.S.C. § 2000e et seq.) and age discrimination under the ADEA (29 U.S.C. § 623(a)(1)). On March 10, 1995, the federal court granted summary judgment for respondents on the title VII causes of action.

Appellant proceeded to trial on the ADEA cause of action and was awarded substantial damages and attorney's fees against the Regents. The ADEA claim, however, did not permit general or punitive damages. The federal court entered judgment for the individual respondents (the university employees) because they had no personal liability under the ADEA. (*Miller* v. *Maxwell's Intern. Inc.* (9th Cir. 1993) 991 F.2d 583, 587.)

*The State Court Action*

On September 22, 1994, respondents moved for summary adjudication on the second amended complaint, third cause of action for speech discrimination. (Cal. Const., art. I, § 2.) The trial court granted the motion, ruling that

---

Ayres, Donald Brown, Philip Hammond, Wilbert Lick, Elizabeth Mannion, John Ridland, Brian Ross, Jeffrey Russell, and William Wise.

the cause of action was barred by the one-year state of limitations. (Code Civ. Proc., § 340, subd. (3).)

Appellant filed a third amended complaint alleging causes of action for race, ethnic, and age discrimination in violation of the FEHA. The discrimination claims were identical to the federal title VII claims but sought damages under the FEHA.

Respondents moved for summary adjudication on the ground that the FEHA causes of action for race and ethnic discrimination were barred by the federal summary judgment. Granting the motion, the trial court ruled: "[T]he same primary right is involved in both causes of action in the parallel state and federal proceedings. Plaintiff has a primary right to be free of invidious discrimination in selection for employment based on race, and a similar primary right in regard to discrimination based on national origin. [*Mattson* v. *City of Costa Mesa* (1980) 106 Cal.App.3d 441, 447 (164 Cal.Rptr. 913).] Plaintiff is entitled to one full and fair opportunity to litigate his claims under each of those causes of action, in a court of competent jurisdiction. [¶] California state law precludes a plaintiff from relitigating the same cause of action against the same defendants in state court, after a final federal judgment adverse to the plaintiff on the same cause of action. [Citations.]"

The trial court stayed the action on the age discrimination claim until the federal ADEA action was tried. On January 5, 1996, respondents moved for summary judgment on the ground that that the FEHA age discrimination claim was barred by the federal judgment against the Regents. The trial court granted the motion ruling that the federal judgment was a res judicata bar. This appeal followed.

### *Speech Discrimination/Statute of Limitations*

Appellant contends that the trial court erred in finding that the cause of action for speech discrimination was barred by the one-year statute of limitations. (Code Civ. Proc., § 340, subd. (3).) The second amended complaint alleged: "Defendants improperly considered plaintiff's political views, speech and other activities in refusing to hire plaintiff, thereby infringing on his exercise of his free speech rights . . . in violation of California Constitution, art. I, § 2."[2]

Here the cause of action for speech discrimination is analogous to federal statutes prohibiting discrimination based on an employee's exercise of his or

---

[2]Article I, section 2 of the California Constitution, states in pertinent part: "Every person may freely speak, write and publish his or her sentiments on all subjects, being responsible for the abuse of this right. A law may not restrain or abridge liberty of speech or press."

her First Amendment rights. (*Wilson* v. *Garcia* (1985) 471 U.S. 261, 278-280 [105 S.Ct. 1938, 1948-1949, 85 L.Ed.2d 254, 268-269] [42 United States Code section 1983 action governed by state statute of limitations for personal injury actions; *Harrison* v. *County of Alameda* (N.D.Cal. 1989) 720 F.Supp. 783, 788 [title VII action for employment discrimination subject to Code of Civil Procedure section 340, subdivision (3)]; *Reed* v. *United Transportation Union* (1989) 488 U.S. 319, 326 [109 S.Ct. 621, 626-627, 102 L.Ed.2d 665, 675-676] [violation of the Labor Management Reporting and Disclosure Act of 1959 (29 U.S.C. § 411(a)(2)) concerning right to free speech and assembly governed by statute of limitations for personal injury claims]; *Taylor* v. *Regents of Univ. of Cal.* (9th Cir. 1993) 993 F.2d 710, 712 [civil rights action against university subject to one-year statute of limitations].)

We hold that the claim for violation of appellant's speech rights is subject to the one-year statute of limitations. (Code Civ. Proc., § 340, subd. (3).) "The one-year limitation period specified in section 340, subdivision 3, embraces not only bodily injuries but all infringements of personal rights as opposed to property rights. [Citations.]" (*Edwards* v. *Fresno Community Hosp.* (1974) 38 Cal.App.3d 702, 705 [113 Cal.Rptr. 579, 3 A.L.R.4th 1209].) Assuming that the university wrongfully fired a tenured professor because it disapproved of his or her political views, an action for wrongful termination would be subject to a one-year statute of limitations. (*Barton* v. *New United Motor Manufacturing, Inc.* (1996) 43 Cal.App.4th 1200, 1209 [51 Cal.Rptr.2d 328]; *Funk* v. *Sperry Corp.* (9th Cir. 1988) 842 F.2d 1129, 1133.) The same statute of limitations should apply to job applicants who allege wrongful denial of public employment because of their political views.

Appellant contends that the two-year statute of limitations applies because the faculty position is a property right. (Code Civ. Proc., § 339, subd. 1.) In determining the applicable statute of limitations, a court must focus on the nature of the right sued upon, not the form of action or relief demanded. (*Edwards* v. *Fresno Community Hosp., supra*, 38 Cal.App.3d 702, 704; *Augusta* v. *United Service Automobile Assn.* (1993) 13 Cal.App.4th 4, 8 [16 Cal.Rptr.2d 400].) "Courts have frequently been asked to choose between the one-year period of section 340, subdivision 3, and the two-year period of section 339, subdivision 1. The principle of selection which has emerged is that the one-year period applies to all alleged infringements of personal rights, whereas the two-year period applies only to alleged infringements of property rights. [Citations.]" (*Richardson* v. *Allstate Ins. Co.* (1981) 117 Cal.App.3d 8, 12 [172 Cal.Rptr. 423].)

We reject the argument that the two-year statute of limitations applies. Appellant had no property right to a tenured teaching position. (E.g., *Scharf*

v. *Regents of the University of California* (1991) 234 Cal.App.3d 1393, 1407-1408 [286 Cal.Rptr. 227]; *King* v. *Regents of the University of California* (1982) 138 Cal.App.3d 812, 815 [189 Cal.Rptr. 189].) The cause of action for violation of appellant's state constitutional rights accrued on June 19, 1991, when Chancellor Uehling denied the application. Appellant filed suit on September 25, 1992, 15 months later. The trial court correctly ruled that the action for failure to hire in violation of appellant's speech rights was time-barred. (Code Civ. Proc., § 340, subd. (3); *Barton* v. *New United Motor Manufacturing, Inc., supra*, 43 Cal.App.4th 1200, 1209.)

Appellant asserts that the one-year statute of limitations did not run until he exhausted his administrative remedies with the university. The argument lacks merit. Appellant had no administrative remedy. After Chancellor Uehling denied the application, the only avenue of appeal was for the UCSB Department of Chicano Studies to submit a request for reconsideration. The department, however, did not seek a reconsideration.[3]

Appellant claims that the statute of limitations was tolled until November 6, 1991, when Chancellor Uehling sent a letter to Congressman Edward R. Roybal. The argument is not persuasive. On August 20, 1991, Vice Chancellor Zelmanowitz advised appellant that he had no administrative remedy. Appellant started a letter writing campaign and threatened to organize a student rally to protest the decision. Chancellor Uehling's November 6, 1991, letter to Congressman Edward R. Roybal was in response to a general inquiry concerning the denial of appellant's application for a faculty position.

We reject the argument that the statute of limitations was tolled until appellant finished his letter writing campaign. Equitable tolling applies where the injured person has several legal remedies for the same harm and in good faith pursues one. (*Elkins* v. *Derby* (1974) 12 Cal.3d 410, 414 [115 Cal.Rptr. 641, 525 P.2d 81, 71 A.L.R.3d 839]; *Addison* v. *State of California* (1978) 21 Cal.3d 313, 317 [146 Cal.Rptr. 224, 578 P.2d 941].) The evidence

---

[3]On July 14, 1991, appellant wrote to Vice Chancellor Julius Zelmanowitz stating: "I am compelled to exercise my prerogative to appeal your faculty reviewing agency's decision. And, I want to receive a written notification of internal and external remedies that may be open to me. I made this request *per telephone conversation* to your former vice-chancellor who denied me this information, giving me the impression that, because I was not an employee of UCSB, no remedies were open to me."

After appellant was provided a summary of the academic committee's findings, he sent a letter stating that the university had "conspired under the guise of an academic review to assassinate my professional and personal reputation." The letter stated: "This arrogance of power must be exposed and I intend to take this matter public and I am meeting with legal counsels in an effort to get institutional support for a legal suit that hopefully will democratize UCSB and expose its pattern of racism towards Chicanos."

is uncontroverted that appellant did not file an administrative appeal with the university and had no right to do so. The assertion that respondents were estopped from asserting the statute of limitations is unsupported by the record.

Equally without merit is the argument that the trial court erred in denying appellant's request to continue the hearing on the summary adjudication motion and conduct additional discovery. (Code Civ. Proc., § 437c, subd. (h).) No showing was made that the proposed discovery would lead to the production of controverting evidence on the statute of limitations issue. (*Scott* v. *CIBA Vision Corp.* (1995) 38 Cal.App.4th 307, 326 [44 Cal.Rptr.2d 902]; *Korens* v. *R. W. Zukin Corp.* (1989) 212 Cal.App.3d 1054, 1061-1062 [261 Cal.Rptr. 137].)

### Res Judicata

■ The trial court ruled that the federal summary judgment on the Cap throughout title VII race and ethnic discrimination claims barred appellant from relitigating the same discrimination claims in state court. No error occurred.

■ "It is established that the doctrine of res judicata precludes parties or their privities from relitigating a cause of action that has been finally determined by a court of competent jurisdiction. [Citations.] . . . California follows the primary right theory of Pomeroy; i.e., a cause of action consists of 1) a primary right possessed by the plaintiff, 2) a corresponding primary duty devolving upon the defendant, and 3) a delict or wrong done by the defendant which consists in a breach of such primary right and duty. [Citation.] Thus, two actions constitute a single cause of action if they both affect the same primary right. Where, as here, an action is filed in a California state court and the defendant claims the suit is barred by a final federal judgment, California will determine the res judicata effect of the prior federal court judgment on the basis of whether the federal and state actions involve the same primary right. [Citation.]" (*Gamble* v. *General Foods Corp.* (1991) 229 Cal.App.3d 893, 898 [280 Cal.Rptr. 457].)

In *Gamble*, the plaintiff filed a title VII action for wrongful termination based on race discrimination. Before the federal action was tried, Gamble filed a state court action alleging that defendant breached an implied-in-fact contract. The federal district court found that plaintiff was terminated for nondiscriminatory business reasons and entered judgment for defendant.

Based on the federal judgment, defendant successfully moved for summary judgment in state court on res judicata grounds. Plaintiff appealed,

citing *Agarwal* v. *Johnson* (1979) 25 Cal.3d 932 [160 Cal.Rptr. 141, 603 P.2d 58] for the proposition that the title VII action involved a different primary right. The Court of Appeal held: "This case is clearly distinguishable from *Agarwal*, wherein the plaintiff's title VII federal claim was to remedy the economic loss in wages, while the state action was for defamation and intentional infliction of emotional distress. [Citation.]" (*Gamble* v. *General Foods Corp.*, *supra*, 229 Cal.App.3d at p. 901.) Under a primary rights analysis, the doctrine of res judicata applied (claim preclusion), rather than collateral estoppel (issue preclusion), because the federal and state actions arose from the violation of the same primary right. (*Ibid.*)

In *Johnson* v. *American Airlines, Inc.* (1984) 157 Cal.App.3d 427 [203 Cal.Rptr. 638] the same principle was invoked to bar an FEHA action. There, a group of flight attendants sued American Airlines in federal court for sex discrimination under title VII. The action settled and judgment was entered against American Airlines. Plaintiff, a flight attendant, filed suit against American Airlines in state court for violations of the FEHA and state Constitution. The trial court found that the action was barred by the federal judgment. The Court of Appeal affirmed, holding that the federal and state claims arose from the same primary right. The court rejected plaintiff's argument that the FEHA action, which provided broader remedies (i.e., emotional distress damages and punitive damages), involved a different primary right. (*Id.*, at p. 432.) "The 'primary right' allegedly violated in the instant case is the same as that asserted in the earlier federal class action: the right to be free from employment discrimination based on sex . . . . Appellant is seeking to assert or protect the same rights in this state court action which formed the basis of the class action complaint . . . and the remedies sought here are the same as those secured in the class action settlement. Res judicata applies." (*Id.*, at p. 433.)

 Here the race and ethnicity claims, whether brought under title VII or the FEHA, arise from the same primary right: the right to be free of invidious employment discrimination. We conclude that the federal summary judgment on the title VII causes of action bars the state action for FEHA damages. (*Johnson* v. *American Airlines, Inc.*, *supra*, 157 Cal.App.3d 427, 432-433; *Gamble* v. *General Foods Corp.*, *supra*, 229 Cal.App.3d 893, 901; *Scripps Clinic and Research* v. *Genetech, Inc.* (N.D.Cal. 1988) 678 F.Supp. 1429, 1436-1437.) Appellant is not entitled to a second bite at the apple.

Appellant asserts that the federal summary judgment was an interlocutory order and not final. We disagree. " '[A] judgment or order, once rendered, is final for purposes of res judicata until reversed on appeal or modified or set

aside in the court of rendition.' [Citations.]" (*Calhoun v. Franchise Tax Bd.* (1978) 20 Cal.3d 881, 887 [143 Cal.Rptr. 692, 574 P.2d 763]; *Continental Airlines Inc.* v. *McDonnell Douglas Corp.* (1989) 216 Cal.App.3d 388, 398 [264 Cal.Rptr. 779] [federal order granting partial summary judgment constitutes res judicata bar].)

Appellant further argues that the doctrine of res judicata does not apply because the federal court declined to take pendent jurisdiction over the FEHA claims. The argument lacks merit. The fact that the FEHA provides different remedies than its federal counterpart (title VII and the ADEA) does not change the nature of the primary right being sued upon.

Appellant's reliance on *Craig* v. *County of Los Angeles* (1990) 221 Cal.App.3d 1294 [271 Cal.Rptr. 82], and *Merry* v. *Coast Community College Dist.* (1979) 97 Cal.App.3d 214 [158 Cal.Rptr. 603] is misplaced. In those cases the federal and state claims did not involve the same primary right. Moreover, the plaintiff in each case abandoned the federal lawsuit after the federal court declined to hear the state law claims.

In the instant case, appellant continued with the federal action after the state claims were remanded. He amended the federal complaint to add race and ethnicity discrimination, making the federal complaint a mirror image of the state FEHA claim. The amended federal complaint alleged that the discriminatory acts (race, ethnicity, and age discrimination) were all part of a discriminatory hiring practice. Although the federal court declined to exercise pendent jurisdiction over the FEHA claim, the same discrimination claims were alleged and litigated. "While claims under the FEHA and federal antidiscrimination remedies have their substantive differences, they are generally treated by courts as analogous. [Citations.] What is significant for collateral estoppel purposes is that the issue decided in the federal proceedings . . . is the pivotal factual issue that must be decided in the state FEHA proceedings. Once we give collateral estoppel effect to the prior judicial determination, . . . the outcome of the state FEHA proceedings is preordained." (*Lumpkin* v. *Jordan* (1996) 49 Cal.App.4th 1223, 1231-1232 [57 Cal.Rptr.2d 303].)

Where, as here, the plaintiff "elects to proceed to trial and judgment in the federal court, his entire cause of action is either merged in or barred by the federal court judgment so that he may not thereafter maintain a second suit on the same cause of action in a state court. [¶] A contrary rule would invite manipulation. It would permit a plaintiff halfheartedly to request a federal court to exercise pendent jurisdiction, offer little resistance to any argument by the defendant against its exercise, and hope that the federal court would

decline to exercise pendent jurisdiction and thereby reserve to the plaintiff a second chance to prevail in a state court action should he be successful in the federal court. Judicious utilization of judicial and litigant resources become ever more essential in the wake of the law explosion. The efficient administration of justice would not be advanced by a rule resulting in or encouraging multiple litigation of a single cause of action." (*Mattson* v. *City of Costa Mesa* (1980) 106 Cal.App.3d 441, 455 [164 Cal.Rptr. 913].)

In *Mattson* v. *City of Costa Mesa*, the plaintiff filed a complaint in federal court for violation of his civil rights and negligence. The federal court declined to take pendent jurisdiction and dismissed the negligence cause of action without prejudice. Plaintiff filed a complaint in state court but did not serve the complaint until the federal action was tried and judgment was entered for the city. The city claimed that the federal judgment was a res judicata bar to the state action. The trial court agreed and sustained city's demurrer without leave to amend. The Court of Appeal affirmed, holding that plaintiff was barred from relitigating the negligence claim in state court.

The same principle controls here. Having adjudicated the title VII and ADEA claims in federal court, plaintiff may not relitigate the race, ethnicity, and age discrimination claims in state court. (*Mattson* v. *City of Costa Mesa*, *supra*, 106 Cal.App.3d at pp. 455-456.)

■ Appellant maintains that the doctrine of res judicata does not apply because respondents were sued in their official capacity in the federal action. The state action alleges that respondents acted in their personal and official capacities. Appellant claims that there is no identity of interests between the parties (i.e., a title VII defendant sued in his official capacity is not the same as an FEHA defendant sued in his individual capacity). The argument is specious.

Under the FEHA, university employees cannot be held personally liable for a discriminatory hiring practice. (*Melugin* v. *Zurich Canada* (1996) 50 Cal.App.4th 658, 666-667 [57 Cal.Rptr.2d 781]; *Janken* v. *GM Hughes Electronics* (1996) 46 Cal.App.4th 55, 66 [53 Cal.Rptr.2d 741] [management and supervisorial employees have no personal liability for age discrimination]; *Caldwell* v. *Montoya* (1995) 10 Cal.4th 972, 976 [42 Cal.Rptr.2d 842, 897 P.2d 1320] [Gov. Code, § 820.2 immunizes school board members from personal liability on FEHA discrimination claim].) It is settled that the doctrine of res judicata applies to the parties or their privies. (*Bernhard* v. *Bank of America* (1942) 19 Cal.2d 807, 810-813 [122 P.2d 892].) Here the parties are the same. It is irrelevant whether respondents were sued in their individual or representative capacity in the federal action.

Appellant also contends that the doctrine of res judicata does not apply because the action was filed in state court and removed to federal court on respondents' motion. The argument elevates form over substance. The federal and state claims were based on the same primary right. As discussed, appellant amended the federal complaint to reallege the FEHA claim as a title VII violation. Unlike the plaintiff in *Merry* v. *Coast Community College Dist.*, *supra*, 97 Cal.App.3d 214, appellant prosecuted the discrimination claims in federal court. He did so chargeable with knowledge that such would jeopardize his state claims where greater damages were theoretically permitted. This was a tactical decision.

We reject the argument that respondents are estopped from asserting the federal judgment as a res judicata bar. (E.g., *Mattson* v. *City of Costa Mesa*, *supra*, 106 Cal.App.3d 450, 455-456 [no estoppel where defendant successfully opposed federal court jurisdiction over state law claims]; *Gamble* v. *General Foods Corp.*, *supra*, 229 Cal.App.3d 893, 902-903 [no estoppel where defendant opposed motion to consolidate federal and state claims in federal court].)

*Public Interest Exception*

■ Appellant argues that the doctrine of res judicata may not be invoked "if injustice would result or if the public interest requires that relitigation not be foreclosed. [Citations.]" (*Consumers Lobby Against Monopolies* v. *Public Utilities Com.* (1979) 25 Cal.3d 891, 902 [160 Cal.Rptr. 124, 603 P.2d 41].) The public interest exception is an extremely narrow one. (*Arcadia Unified School Dist.* v. *State Dept. of Education* (1992) 2 Cal.4th 251, 259 [5 Cal.Rptr.2d 545, 825 P.2d 438].) It only applies if there is a clear and convincing need to relitigate the issue because the federal judgment creates a potential adverse impact on the public or persons not parties to the federal action. (7 Witkin, Cal. Procedure (3d ed. 1985) Judgment, § 276, p. 717.)

We reject the argument that appellant's civil claim affects a broad public interest. Having prevailed on the federal age discrimination, he may not seek additional damages in state court. (*Mattson* v. *City of Costa* Mesa, *supra*, 106 Cal.App.3d 441, 455-456; *Johnson* v. *American Airlines, Inc.*, *supra*, 157 Cal.App.3d 427, 433; *Gamble* v. *General Foods Corp.*, *supra*, 229 Cal.App.3d 893, 899-901.) If the rule were otherwise, every plaintiff claiming employment discrimination could sue in federal court, obtain a judgment for title VII or ADEA damages, and sue for additional damages in state court.

*FEHA Age Discrimination Claim*

■ Appellant contends that the trial court erred in denying his motion for summary adjudication on the FEHA age discrimination claim. He asserts

that the federal judgment for age discrimination requires that a judgment be entered against the Regents for FEHA damages. The argument fails for several reasons.

Appellant did not move for summary adjudication in state court. As discussed, the federal judgment bars appellant from suing for damages on the FEHA claim. A valid judgment, even one in favor of the plaintiff, merges the cause of action in the judgment and bars a second action for additional damages. (*Busick* v. *Workmen's Comp. Appeals Bd.* (1972) 7 Cal.3d 967, 973 [104 Cal.Rptr. 42, 500 P.2d 1386].) Having obtained a federal judgment for age discrimination, appellant may not seek FEHA damages for the same injury. (E.g., *Lake* v. *Lakewood Chiropractic Center* (1993) 20 Cal.App.4th 47, 54 [24 Cal.Rptr.2d 358].)

### Discovery Order for Mental Exam

Appellant finally contends that the trial court abused its discretion in granting a discovery motion for appellant's mental exam. (Code Civ. Proc., § 2032.) In a prior writ petition, appellant challenged the order on the ground that it violated his right of privacy. We denied the writ petition and concluded that the discovery order was proper because appellant was seeking damages for ongoing emotional distress. (*Acuña* v. *Superior Court* (Mar. 1, 1994) B081711 [nonpub. opn.].) See *Vinson* v. *Superior Court* (1987) 43 Cal.3d 833, 840-841 [239 Cal.Rptr. 292, 740 P.2d 404] [allegation of continuing mental distress supports order for mental exam]; *Doyle* v. *Superior Court* (1996) 50 Cal.App.4th 1878, 1886, 1887 [58 Cal.Rptr.2d 476] [mental exam not permitted where plaintiff does not claim she is currently suffering mental distress].)

We need not revisit the issue. Appellant's arguments concerning the discovery order are irrelevant to this appeal. The discovery order played no role in the trial court's decision to grant the motions for summary adjudication and summary judgment.

The judgment is affirmed with costs to respondents.

Stone (S. J.), P. J., and Gilbert, J., concurred.

Appellant's petition for review by the Supreme Court was denied October 1, 1997.