**George McGINEST, Plaintiff–Appellant,**

v.

**GTE SERVICE CORP., Defendant–Appellee.**

No. 05–55754.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted May 10, 2007.

Filed Aug. 30, 2007.

ed by 9th Cir. R. 36–3.

Gerald M. Serlin, Esq., Benedon & Serlin, Woodland Hills, CA, David A. Cohn, Mancini & Associates, Sherman Oaks, CA, for Plaintiff–Appellant.

Thomas P. Brown, IV, Esq., Jennifer L. Nutter, Epstein, Becker & Green, Los Angeles, CA, for Defendant–Appellee.

* After oral argument, Judge KLEINFELD recused himself. Judge PREGERSON was drawn by the Clerk of the Court to replace Judge KLEINFELD pursuant to G.O. § 3.2.h. Judge PREGERSON has read the briefs and listened to the tape recordings of the oral argument.

Before: PREGERSON * and PAEZ, Circuit Judges, and HART **, District Judge.

## MEMORANDUM ***

One cause of action for employment discrimination split into two suits—one filed in state court and one in federal court—raises a question of waiver of *res judicata* when the first suit went to final judgment.

On December 23, 1999, Plaintiff George McGinest filed a federal action naming his employer GTE Service Corp. (nka Verizon California, Inc.) (hereinafter "Verizon" or "Defendant") and a supervisor as Defendants. Plaintiff, who is African–American, alleged violations of Title VII. The day before filing the federal lawsuit, Plaintiff filed suit in the Superior Court of Los Angeles County naming the same two defendants and also alleging discrimination, but in violation of the California Fair Employment and Housing Act ("FEHA"). On appeal, Plaintiff does not dispute that the two cases split a single cause of action. The only issue is whether Verizon waived its opportunity to raise a *res judicata* defense.

On October 11, 2000, the district court granted summary judgment dismissing the federal case. On January 28, 2002, the state court granted summary judgment dismissing the state case. The state court ruling was also based on the evidence presented on summary judgment; it did not rest on *res judicata* based on the federal court judgment. In both cases, Plaintiff

** The Honorable William T. Hart, United States Senior District Judge for the Northern District of Illinois, is sitting by designation.

*** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

appealed the dismissal of the claims against Verizon.

The first appeal to be ruled on was the federal appeal. The Ninth Circuit affirmed the dismissal of the retaliation claim, but remanded the hostile environment and promotion discrimination claims based on there being genuine disputes of material fact. *See McGinest v. GTE Service Corp.,* 360 F.3d 1103 (9th Cir.2004).

In the state appeal, the California Court of Appeal affirmed the grant of summary judgment based, *inter alia,* on the lack of genuine issue of material fact. *See McGinest v. Verizon California, Inc.,* No. B159252, 2004 WL 1510294 (Cal.Ct.App.2d Dist. July 7, 2004) (unpublished). In federal court, Defendant moved for summary judgment based on the *res judicata* effect of the final state court judgment. On March 29, 2005, the district court granted Defendant's motion for summary judgment.

On appeal, Plaintiff does not dispute that *res judicata* would normally result in the dismissal of his federal case, but argues that Defendant waived that defense here. The *res judicata* effect of a state court judgment is governed by the laws of the state in which the court is located. 28 U.S.C. § 1738; *Manufactured Home Communities Inc. v. City of San Jose,* 420 F.3d 1022, 1031 (9th Cir.2005); *Clements v. Airport Authority of Washoe County,* 69 F.3d 321, 326, 328 (9th Cir.1995). In the present case, that is California law. The issue on appeal, however, is not the *res judicata* effect of the California judgment. Instead, the issue is whether Defendant waived its opportunity to raise *res judicata* as a defense in the federal proceeding. In *Clements,* this court noted that waiver is one of the "exceptions" to the general rule that a state court judgment has the same preclusive effect in federal court as the judgment would have in the courts of the rendering

state. *Id.* at 328. Thus, the question of whether Defendant waived its *res judicata* defense by failing to expressly plead it as a defense and by acquiescing in Plaintiff's splitting of his cause of action is governed by federal law, not state law. *Id.* Whether the *res judicata* defense was waived is reviewed *de novo. Owens v. Kaiser Foundation Health Plan, Inc.,* 244 F.3d 708, 713 (9th Cir.2001).

In *Clements,* this court recognized two potential grounds for finding that the *res judicata* defense is waived. One is that the defense may be waived if not raised in the pleadings. *Id.,* 69 F.3d at 328. The other is that the failure of a defendant to object to the prosecution of split proceedings while both proceedings are still pending can result in a waiver of the defense. *Id.* In *Clements,* 69 F.3d at 328 & nn. 5–6, we followed cases from other circuits and the *Restatement (Second) of Judgments* § 26(1)(a) (1982) ("*Restatement*"), in holding that waiver can occur by the defendant acquiescing in the prosecution of two proceedings.

The *Restatement* provides:

(1) When any of the following circumstances exists, the general rule of § 24 does not apply to extinguish the claim, and part or all of the claim subsists as a possible basis for a second action by the Plaintiff against the defendant:

(a) The parties have agreed in terms or in effect that the Plaintiff may split his claim, or the defendant has acquiesced therein; ....

*Id.* § 26(1)(a) (quoted in *Clements,* 69 F.3d at 328 n. 5).

We held in *Clements* that a claim preclusion (*res judicata*) defense was waived for failing to raise it until three months after oral argument on appeal, which caused prejudice to plaintiffs. 69 F.3d at 328–29. The plaintiffs in *Clements* were prejudiced

because they could have attempted to raise the federal claims in their related state case if defendants had earlier objected to the dual proceedings or indicated they would rely on claim preclusion.

Although issue preclusion (collateral estoppel) was also raised for the first time on appeal in *Clements*, and only after the Ninth Circuit requested supplemental briefs, issue preclusion was not held to be waived. *Id.* at 329–30. Unlike claim preclusion which can apply to claims that are part of a cause of action but not actually litigated, issue preclusion can only be based on issues actually litigated. Therefore, applying issue preclusion did not prejudice the plaintiffs by depriving them of the opportunity to litigate an issue. *Id.* at 330. Also, unlike claim preclusion that generally is concerned with private interests, issue preclusion also involves the public interest of avoiding inconsistent results and conserving judicial resources by not requiring two courts to resolve the same issue. *Id.*

As long as the plaintiff is not prejudiced, affirmative defenses that were not pleaded in an answer may be raised for the first time on summary judgment. *Magana v. Commonwealth of Northern Mariana Islands,* 107 F.3d 1436, 1446 (9th Cir.1997); *Camarillo v. McCarthy,* 998 F.2d 638, 639 (9th Cir.1993); *Ahmad v. Furlong,* 435 F.3d 1196, 1201–02 (10th Cir.2006) (collecting cases). *See also Janis v. Commissioner of Internal Revenue,* 461 F.3d 1080, 1085 n. 3 (9th Cir.2006). This includes the affirmative defense of *res judicata.* *Cf. Owens,* 244 F.3d at 713 (*res judicata* raised for the first time on a motion for judgment on the pleadings); *Curry v. City of Syracuse,* 316 F.3d 324, 330–31 (2d Cir. 2003) (raising collateral estoppel for the first time on summary judgment). Here, Plaintiff does not contend that he was prejudiced by any delay. Therefore, the

*res judicata* defense is not waived simply because Defendant failed to plead it as an affirmative defense. Also, it is not even clear that any significant delay occurred since Defendant could not have succeeded on a *res judicata* defense until after the state judgment became final when the California Supreme Court denied review. Any affirmative defense pleaded before that time would have been speculative.

While the *Restatement* indicates that waiver can be founded simply on a defendant's failure to raise any sort of objection to there being two pending lawsuits, *Clements* supports that the plaintiff must also have suffered some prejudice in order to apply waiver. Generally, prejudice occurs from the application of *res judicata* where the plaintiff has not had the opportunity to actually litigate claims that were part of the same cause of action, but not actually raised in the first case that went to judgment. In this case, Plaintiff suffered no such prejudice. The FEHA claims that were actually litigated in the state case are essentially the same as the Title VII claims raised in the federal case. *See Richards v. CH2M Hill, Inc.,* 26 Cal.4th 798, 111 Cal.Rptr.2d 87, 29 P.3d 175, 183 (2001). But there are substantive differences. *Acuna v. Regents of University of Cal.,* 56 Cal.App.4th 639, 65 Cal.Rptr.2d 388, 395 (1997). Plaintiff, however, points to no difference between the statutes that makes the litigation of his particular harassment and promotion discrimination FEHA claims different from how he would have litigated his Title VII hostile environment and promotion discrimination claims. He also does not dispute that the issues on which his FEHA claims were resolved would ordinarily have been a sufficient basis for applying collateral estoppel to dismiss his Title VII claims.

Applying *res judicata* in this case did not deprive Plaintiff of having had an op-

portunity to litigate the Title VII hostile environment and promotion discrimination claims. Plaintiff was not prejudiced by any late invocation of *res judicata* and allowing the Title VII claims to proceed would result in duplicative use of judicial resources and could produce inconsistent results if Plaintiff were successful following a remand. Therefore, the district court did not err in holding Defendant had not waived its *res judicata* defense.

AFFIRMED.